CHICAGO & NORTHWESTERN RAILWAY COMPANY

*v.*

WILLIAM J. FILLMORE.

1. EVIDENCE—*declarations.* In an action against a railroad company to recover for injuries to the plaintiff, occasioned by his falling through an uncovered bridge in attempting to get on the defendants' train, the bridge being under the control of the defendants, it was *held* that declarations of the conductor of the train, made after the accident had happened, tending to show that the company had been guilty of negligence, were inadmissible as evidence. The danger of the bridge and the responsibility of the company as connected therewith, were to be determined by the jury from the evidence. The conductor was a competent witness, and whatever knowledge he had as to the condition of the bridge at the time, should have been stated by himself as a witness.

2. NEGLIGENCE—*in railroads.* The bridge at which the injury occurred was thirty or forty feet long and sixteen feet high, was in the limits of a city, and over a public street in the immediate vicinity of the railroad. It had been covered by the defendants, but was uncovered at the time of the accident, for repairs, and the plaintiff, in attempting to get upon the cars at the hour of midnight, fell through the bridge: *Held,* an instruction which told the jury "that the defendants were not bound to cover and keep covered, the bridge or track over the road or sidewalk where the injury was caused," was properly refused, and that it was the duty of the company to have the bridge covered or so protected, if uncovered for repairs, as to prevent such injuries.

3. Railroad companies, in the enjoyment of their franchises and in the performance of their duties, should have a proper regard to the safety of persons whom they invite to their depots. They should omit no act, the omission of which would endanger the limbs or lives of those who seek to ride upon their trains.

4. NEW TRIAL—*excessive damages.* In an action against a railroad company to recover for injuries occasioned by the alleged negligence of the defendants, it appeared the injuries to the plaintiff were of a serious and permanent character, rendering him a cripple for life; that he suffered great pain and anguish, and was involved in a large expenditure of money, but the evidence failed to disclose any wantonness or wilfulness on the part of the defendants: *Held,* a verdict for $25,000 was grossly excessive.

APPEAL from the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action brought by Fillmore against the Chicago & Northwestern Railway Company, to recover for injuries to the plaintiff, occasioned by the alleged negligence of the defendants. The plaintiff recovered a verdict, upon which judgment was rendered. The defendants appeal.

Mr. A. M. HERRINGTON, for the appellants.

Messrs. BLANCHARD & SILVER and Messrs. JOSLYN & SLA-VIN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

On the 12th of October, 1868, appellee, in attempting to get on the train of the railway company, at its depot in Elgin, fell through an uncovered bridge, which was under the control of appellants, and was seriously injured.

As the case must be reversed, we shall not discuss the negligence of the one party or the other.

There was error in allowing the declarations of the conductor of the train, made after the accident had happened, to be introduced to the jury. He was a competent witness, and should have been called by appellee. The danger of the bridge and the responsibility of the company, as connected therewith, were to be determined by the jury, from the evidence. Whatever knowledge the conductor had, as to the condition of the bridge at the time, should have been stated by himself. His statements tended to show that the company were negligent. They were but hearsay evidence, and wholly incompetent.

The instructions given were correct. The instruction refused, and of which appellant complains, is as follows:

" The court instructs the jury, as matter of law, that the defendant was not bound to cover, and keep covered, the bridge or track over the road or sidewalk, where the injury was caused."

This instruction was properly refused. The bridge in question was thirty or forty feet long, and sixteen feet high. It was in the limits of a city, and over a public street in the immediate vicinity of the railroad. It had been covered by appellants, but was uncovered at the time of the accident, for repairs. Soon after the injury, it was re-covered by appellants. Appellee, in attempting to get upon the car, at the hour of midnight, fell through this bridge. It should have been covered, or so protected, if uncovered for repairs, as to prevent such injuries. Railway companies, in the enjoyment of their franchises, and the performance of their duties, should have a proper regard to the safety of persons whom they invite to their depots. They should omit no act, the omission of which would endanger the limbs or lives of those who seek to ride upon their trains.

The injury to appellee was of a serious and permanent character. He is a cripple for life. He has suffered pain and anguish, and been involved in large expenditures of money. The evidence, however, fails to disclose any wantonness or wilfulness on the part of the company; and therefore we can not appreciate the motives which induced the finding of the jury. The verdict was for $25,000. There is no foundation in the evidence for the damages awarded. In case of death, our statute only allows $5,000, for negligent acts, however gross.

For a similar injury, inflicted by an individual, no jury would find such a verdict. However reluctant to disturb the verdict of a jury, for such cause, we must pronounce the damages allowed as grossly excessive. We shall always hold railway companies to a full accountability for all damages, from wrongful acts; and at the same time guard them from being made victims of popular prejudice.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*