## RAILWAY v. BARGER.

EVIDENCE : *Declarations of agent.*

> In an action against a railway company, to recover damages for an injury to the plaintiff sustained by falling into a hole in the defendant's platform, a statement of the depot agent made at the time the injury was received, that the hole " ought to have been fixed," is not admissible to prove unreasonable delay, on the part of the company, in repairing the platform after the defect became known.

APPEAL from *Washington* Circuit Court.

J. M. PITTMAN, Judge.

This action was brought against the defendant company to recover damages for an injury sustained by the plaintiff in falling through a hole in the defendant's depot platform. The complaint alleged that the injury was received while the plaintiff was lawfully engaged in removing some freight from the depot, and that the defendant had negligently suffered the platform to become unsafe and had failed to repair it. The answer denied the negligence imputed to the defendant, denied that the plaintiff was injured in the manner stated

in the complaint, or otherwise, and alleged that any injury received by the plaintiff was the direct result of his own negligence.

The evidence showed that the plaintiff was assisting the owner of a box of freight, to carry it out of the defendant's freight room and across the platform for the purpose of placing it in a wagon which had been backed up to the platform to receive it. The box was heavy and had to be carried out of the door lengthwise. In carrying one end of it the plaintiff walked backwards, and in doing so, fell through a hole in the platform, the box falling on him. The depot agent, Frost, was also assisting to carry the box, and after the plaintiff had fallen and got up, Frost said "that hole ought to have been fixed." The hole through which the plaintiff fell was one foot wide and about one and a half or two feet long. It was near the outside of the platform, and was made by the breaking off of a board. One of the witnesses testified that it did not "look fresh like it had been done that day," and that the board "looked as if some heavy piece of machinery had broken it." The declaration of the agent, Frost, was given in evidence on the part of the plaintiff, and was objected to by the defendant. The objection was overruled and the court instructed the jury that if the station agent in charge of the depot and platform, knew of a defect in the platform, that was equivalent to knowledge by the defendant. The verdict and judgment were for the plaintiff, and the defendant appealed.

*John O'Day, E. D. Kenna* and *B. R. Davidson,* for appellant.

It was error to admit the declarations of the agent, Frost. They were incompetent. *Story on Ag.,* sec *136 ; 74 Mo., 553 ; 19 A. & E. Ry. cases, 408 ; 57 Ill., 265 ; 60 id., 534 ; 1 Gr. Ev., 14th Ed., sec. 113 ; 72 N. Y., 542 ; 68 N. C., 107 ; Thompson Car. Pass. pp. 557–8 ; 9 Kan., 631 ; 20 Wall., 528,* and many other cases. It was not sufficient to prove that there was a hole in the platform. The proof should have shown that the defendant knew, or should have known in the exercise of due

care, of its existence.    *Ry. v. Fairbain, 48 Ark.; 30 A. & E. Ry. Cases, 166 ; ib., 163 ; 86 Pa. St., 74.*

*L. Gregg,* for appellee.

The negligence of the agent was the negligence of the company.    It was the duty of the company to keep its platform in safe condition.    *46 Ark., 195 ; 13 A. & E. R. R. Cases, 28 ; 49 Ark., 277.*   The agent's admission was of the *res gestæ,* the very pith of the derilection.    A corporation can act only by agents, and can be negligent in no other way than through its agents.

EVIDENCE: Declarations of agent.

PER CURIAM.    The admission of the statement made by Frost was error.    The only object of the testimony was to prove unreasonable delay upon the part of the company in repairing the platform, after the defect in it became known. The statement of the agent was incompetent for that purpose. *Story on Agency, sec. 136; R. R. v. Fillmore, 57 Ill., 265; R. R. v. Riddle, 60 Ill., 534 ; Flynn v. State, 43 Ark., 289.*

Reverse the judgment and remand the cause for a new trial.