## RAILWAY CO. *v.* SWEET.

### Opinion delivered February 11, 1893.

1.  *Action for wrongful death—Damages.*
    In an action against a railroad company to recover damages for the negligent killing of a passenger, prosecuted by deceased's personal representative for the benefit of his widow and next of kin, evidence as to the funeral expenses of the deceased is improper and misleading.

2.  *Continuance—Change of venue.*
    Where, upon a change of venue, the papers in the cause were not filed, in the court to which the transfer was made, more than ten days before commencement of the next term of court, the refusal of the court to continue the cause to the next term, though erroneous, will not be cause for reversal if no prejudice to the complaining party is shown to have resulted from the court's action.

3.  *Motion for continuance—Impeachment of witness.*
    Where the opposing party admits that an absent witness would testify as stated in a motion for continuance, it is not permissible to impeach such absent witness by proof that, on another occasion, he has made an inconsistent statement.

4.  *Evidence—Declarations of servant.*
    Declarations of employees of a railroad company, relating to the cause of an accident upon the road, made after the accident occurred and not as part of the *res gestae*, are hearsay and not admissible.

5.' *Railway—Duty towards passenger.*

> A railroad company, in operating a freight train carrying pas-
> sengers, is not bound to the utmost diligence which human
> skill and foresight can effect, but is required to use the highest
> degree of practical care, diligence and skill that is consistent
> with the operation of its road and that will not render the bus-
> iness of carrying passengers impracticable.

Appeal from Desha Circuit Court, Watson District.

JOHN M. ELLIOTT, Judge.

Mrs. Ada H. Sweet, as administratrix of Frank
Sweet, brought suit, in the Jefferson circuit court, against
the St. Louis, Iron Mountain and Southern Railway
Company to recover damages to the widow and next of
kin by the death of her intestate, who, while a passenger
on defendant's road, was killed by the derailment and
over-turning of the caboose car on which he was riding.
The answer charged contributory negligence on the part
of deceased.

On May 26, 1891, the cause was transferred to the
Desha circuit court, for the Watson district. At 2
o'clock p. m. on July 24, 1891, the transcript and papers
were filed in that court. On August 3, 1891, the circuit
court to which transfer was made convened, and the
cause was called for trial during the term. Defendant
moved for a continuance upon the grounds, (1) that the
transcript and papers had not been filed in the office of
the clerk of Desha county more than ten days before
the commencement of the term, and (2) that an impor-
tant and material witness, J. G. McIlwain, was absent,
who, if present, would swear that he was the conductor
of the freight train upon which Frank Sweet was riding
at the time that he received the injuries from which it
.is said he died ; that said Sweet, at the time of the acci-
dent, was sitting in a chair, which was movable, in
front of the open door of the caboose, with his feet rest-
ing in the door ; that this was an unsafe and dangerous
place to ride upon a moving train ; and that an employee

of defendant requested deceased, Sweet, not to sit in said door, at the same time informing him that the place in which he was then sitting was dangerous, and to move his chair back into the car, and away from the door, which deceased, Sweet, neglected to do ; that if deceased, Sweet, had been sitting back in the caboose, he would not have been killed.

The court overruled the first ground in the motion for a continuance. The second ground for a continuance was overruled upon plaintiff's agreeing that the witness if present would testify as stated.

Mrs. Sweet was permitted, against defendant's objection, to testify that neither she nor the railway company had paid for the casket in which her intestate was buried ; and that the undertaker had told her that he would look to her for it.

A witness, McKennon, was permitted, over defendant's objection, to testify that the absent witness, McIlwain, had told him, after the accident, that, at the time the caboose turned over, Sweet was in the center of the car opposite the door.

Plaintiff recalled T. B. Atkinson, who visited the wreck upon the engine which had come to Pine Bluff and returned with the surgeons. To quote the bill of exceptions verbatim : "Q. When you went down to the wreck did you see Mr. McIlwain, the conductor? A. Yes sir. Q. Did you see this brakeman, George Singleton, this yellow man? A. I would not state positively. I saw two or three brakemen, but I could not state positively that I saw him. Q. Did you make inquiry as to how this accident occurred? A. Well, we were all discussing the affairs, of course. Q. Did you ask the conductor anything about how it happened? A. I asked the engineer. Q. Was the conductor present at the time? A. I think not. Q. Did you hear George Singleton or McIlwain undertake to explain

how Sweet was sitting or standing, or how he got out of the car at the time of the accident? A. Well, I just heard some one of these train men remark that he undertook to jump out of the door of the car after the train began to tilt that way, and that was the last they saw of him until the thing was over. Q. When you say he, whom do you mean, 'he undertook to jump?' A. Mr. Sweet. Q. (By the court.) I am to understand that these train men and you were all standing there, and that you just heard some one of them make that remark? A. Yes sir. Q. (By the court.) Nobody disputed it? A. No. sir."

Here defendant, by attorneys, moved the court to exclude from the jury this evidence of witness Atkinson, which motion was by the court overruled, and the defendant company at the time excepted.

The court over defendant's objection gave the following instructions asked by plaintiff, and referred to in the opinion, viz:

1. "If the jury find from the evidence that defendant railway received the plaintiff's intestate on one of its freight trains as a passenger, then it was bound to the highest practicable care and diligence to protect him from injury while he was such passenger."

2. "If the jury find from the evidence that defendant railway received plaintiff's intestate as a passenger on one of its trains, then it owed to him as such passenger, and was bound to the utmost diligence which human skill and foresight could effect. Any injury to him occasioned by reason of the slighest omission in regard to the highest perfection of all the appliances of transportation, or the mode of management at the time the injury occurred, would render the carrier liable for such injury."

The jury returned a verdict for plaintiff for $25,000, the full amount sued for. Defendant has appealed, and insists that the court erred in permitting the introduc-

tion of the testimony objected to and in giving the instructions quoted.

*Austin & Taylor* and *Dodge & Johnson* for appellant.

1. The Desha circuit court had no jurisdiction to try the case at the time it was tried. The transcript and papers were not filed *more than ten days* before the court met. Mansf. Dig. sec. 6484; 42 Ark. 93; 52 *id.* 404; 37 *id.* 491.

2. Mrs. Sweet's testimony as to the casket was incompetent, as this was not a suit for the benefit of the estate, and funeral expenses were no part of the damages recoverable.

3. The testimony of McKennon was incompetent and illegal. The facts detailed were no part of the *res gestæ*, and no foundation was laid to impeach defendant's witness. Acts 1887, p. 19; Mansf. Dig. sec. 2902–3; 37 Ark. 328; 8 *id.* 572; 15 *id.* 359; 16 *id.* 569; 52 *id.* 308.

4. The testimony of Atkinson was hearsay. 119 U. S. 105; 95 N. Y. 274; 12 Oregon, 392; 58 Mich. 156; 26 O. St. 185; 2 Pac. Rep. 130; 51 N. Y. 298, 102; 41 Conn. 59; 78 N. Y. 503; 15 W. Va. 628; 50 Ark. 397; 52 *id.* 80.

5. The first and second prayers given for plaintiff were erroneous in this particular case. To tell the jury that on a freight train "the highest practicable care and diligence" and "the utmost diligence which human skill and foresight can effect" is required, was simply to tell the jury that in this case the railway company was liable. The true rule is laid down in 52 Ark. 524–5. See 14 How. 486; 97 Mass. 361; 56 Ill. 138; 34 A. & E. R. Cas. 405; 2 Wood, Ry. Law, sec. 301, pp. 1074, 1079; Hutch. on Car. secs. 502, 529; Patterson, Ry. Ac. Law, sec. 247. The highest practicable care and diligence, reasonably consistent with the carrier's business, and

appropriate to the means of conveyance employed, is. all that is required in the operation of freight trains. Cases *sup.;* 97 Mass. 368; Hutch. Car. p. 405. The prayers were too broad, and the rule too rigid. 34 A. & E. R. Cas. 556; 27 *id.* 216, 313. This error was not caused by giving the third and fourth prayers. The fifth instruction as to the measure of damages is erroneous. The jury are told to give whatever sum they deem necessary for the pecuniary loss sustained, taking into consideration all the circumstances of the case. This is not the law. The law gives "fair and just compensation with reference to the pecuniary injuries. resulting from the death." See 55 Ark. 468; 51 *id.* 515; 41 *id.* 382.

6. The court erred in refusing defendant's fourth prayer and in modifying same. 27 A. & E. R. Cas. 213.

7. The language of plaintiff's counsel was improper. 26 N. W. Rep. 781; 16 *id.* 710; 2 N. E. Rep. 126; *ib.* 296; 1 *id.* 491; 8 Pac. Rep. 327; 20 N. W. Rep. 687; 16 *id.* 384; 11 *id.* 174; 48 Ark. 131; 44 Wis. 282; 27 A. & E. R. Cas. 118; 25 Ga. 225; *ib.* 24; 15 Ga. 395; 4 E. D. Smith, 253; 53 Mo. 509; 82 Mo. 67; 41 N. H. 213; Thomps. Jury Trials, sec. 963.

8. The verdict is excessive. Mansf. Dig. sec. 5226; 41 Ark. 388; 5 Wall. 90; 19 Kas. 83; 18 Q. B. 93; 48 Pa. St. 420; 18 La. An. 280. The jury must form their estimate of the amount of loss upon such facts in proof as tend to show the extent of the *pecuniary loss sustained*, taking into consideration the age of the deceased and all *such other evidence* as may afford the means of making the estimate. 18 Ill. 349; Field on Dam. sec. 649; 24 La. 550; 29 Gratt. 431; 21 N. W. Rep. 711.

*U. M. & G. B. Rose, N. T. White* and *White & Woolridge* for appellee.

1. It is shown that the ties were rotten, and that the track spread. The happening of the accident raised a presumption of negligence. 34 Ark. 613. This the railroad has not endeavored to rebut. The act of Sweet in sitting in a chair in a caboose is not negligence *per se*, even if he had been warned. We find only one case adjudging the precise question, and that is against the appellant's contention. 34 A. & E. R. Cas. 547; S. C. 73 Iowa, 458. But there are many cases where the question of contributory negligence or not must be submitted to the jury, as for instance: Riding unnecessarily on a *railroad* platform is negligence *per se*, but upon a *street car* platform is not. 39 A. & E. R. Cases, 441; 37 *id*. 204; 39 N. W. Rep. 866; 27 A. & E. R. Cas. 201; *ib*. 151; 16 *id*. 374, and notes. So, whether it is contributory negligence or not to alight from a slowly moving train is a question for the jury. 46 Ark. 423; 49 *id*. 182. For other instances, see 44 A. & E. R. Cases, 373; 84 Ga. 687; 21 A. & E. R. Cas. 456; 111 Ill. 219; 39 Mo. 468; 3 Atl. 672. If the act is not one which all reasonable men would concur in calling negligent, it is not for the court to invade the jury's province and take the matter into its own hands. 16 A. & E. R. Cas. 372; 18 *id*. 202; 22 *id*. 291; 27 *id*. 194; 28 *id*. 198; 18 *id*. 206; 16 *id*. 361; 41 *id*. 93; *ib*. 135; 37 *id*. 57; 108 U. S. 288; 85 Mo. 79; 2 Am. St. Rep. 30; 151 Mass. 462.

2. The law requires everything necessary to the security of the passenger upon either freight or passenger trains, reasonably consistent with the business of the carrier and the means of conveyance employed. The three instructions for plaintiff together state the law. The law as to the transportation of passengers is stated in 93 U. S. 291. See also 27 A. & E. R. Cas. 213; 31

*id.* 1.   The same degree of care is due a passenger on a freight as on a passenger train, except that defendant in traveling on the former acquiesces in the usual incidents and conduct of a freight train managed by prudent and competent men.   39 N. Y. 222 ; 28 N. E. 860; 30 Ill. 9; 115 Ind. 435 ; 59 Ind. 323 ; 89 Cal. 399 ; 58 Me. 187 ; 41 Ind. 494 ; 1 Biss. 503.

3.   The verdict is not excessive.   Juries in estimating damages are not confined to any exact mathematical calculation, but are vested with considerable discretion, with which the court will not interfere unless abused. 31 A. & E. R. Cas. 234 ; 27 *id.* 139 ; 5 Wall. 105 ; 52 Fed. Rep. 371 ; 34 A. & E. R. Cases, 90 ; 39 Ark. 491.   The jury were entitled to take into consideration the future increase in the earning capacity of deceased, but also the value of his services in rearing, training and educating his children.   3 Sutherland, Dam. 283 ; 29 Gratt. 431 ; 29 N. Y. 252.   See also 3 Sutherland, Dam. 283, 287 ; 1 *id.* 810 ; 25 Ark. 381.

4.   Funeral expenses are a proper item of damage. 33 Ark. 360 ; 55 A. &. E. R. Cas. 430; 8 *id.* 490.

5.   The testimony of McKennon and Atkinson may not have been strictly admissible, but it was immaterial, established nothing, contradicted nothing and was harmless.   That a case will not be reversed for the admission of immaterial testimony has been frequently ruled. 7 Ark. 12 ; 28 *id.* 531 ; 31 *id.* 365 ;   44 *id.* 556.   The rule requiring the witness to be interrogated in reference to contradictory statements has no application to case where a motion for a continuance is read as a deposition, because it is an impossibility.   18 S. W. Rep. 173.

6.   The remarks of counsel were harmless.   There was no abuse of the right of argument.   34 Ark. 650 ; 20 *id.* 619.

7.   It was defendant's fault that the papers were not filed in the Desha court, and it cannot take advan-

tage of it.   Broom, Legal Maxims, 212; 9 Wall. 393.
Practice acts are directory merely.    37 Ark. 491; 44 *id.*
224; 21 *id.* 331; 5 *id.* 185; 10 *id.* 133; 23 *id.* 70; 48 *id.*
73; 100 U. S. 475; 108 U. S. 212; 31 *id.* 268; 32 *id.* 293.

HUGHES, J.   It was improper to allow Mrs. Sweet's   1. Damages
testimony that neither she nor the railroad company had   in action for
wrongful
death.
paid for the casket in which the body of the deceased was
buried, as this action was not brought for the benefit of
the estate of the deceased, and the evidence could have
tended only to mislead or confuse the jury.   The funeral
expenses were not an element of damages in this case.
The action was brought for the benefit of the widow
and next of kin alone.

Section 6484 of Mansfield's Digest provides that,   2. When
refusal of
"in all cases of change of venue, the action shall stand   continuance
not prejudi-
for trial in the court to which the change is made, at the   cial error.
first term of the court which commences more than
ten days from the filing of the papers of the case in the
office of the clerk of such court."

The suit was begun December 11th, 1890.   The
change of venue was ordered May 26th, 1891.   The
court to which the venue was changed began August
3d, 1891.   The transcript and papers in the case were
filed in the court to which the venue was changed July
24th, 1891—not ten days before the beginning of the
term of the court.   The Desha circuit court obtained
jurisdiction of the cause by the filing of the transcript
and papers in the case in that court.   We are of the
opinion that no error prejudicial to the appellant was
committed· by the court by proceeding to the trial of
the cause at that term of the court.   This court will
not reverse a judgment for error that is not prejudicial.
Section 5083 of Mansfield's Digest provides that "the
court must, in every stage of action, disregard any error
or defect in the proceedings, which does not affect the

substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

3. As to impeachment of witnesses.

The questions and answers thereto made by the witness, McKennon, in reference to a conversation had by him with McIlwain, the conductor of the train, sometime after the accident occurred, and which tended to contradict McIlwain by showing that he had made a different statement previously to the one set out as the statement he would make, if present, in the motion for continuance, were material, as they tend to bear upon the question of contributory negligence upon the part of the deceased. They were not proper because no foundation had been laid to warrant them for the purpose of contradicting McIlwain. The act of 21st February, 1887 (Acts 1887, sec. 1, p. 19), provides that "a motion to postpone a trial on account of the absence of evidence shall, if required by the opposite party, be made only upon affidavit," etc. "*Provided*, the opposite party may controvert the statement so set forth in the said motion for continuance by evidence."

Our statutes, sections 2902 and 2903 of Mansfield's Digest, are, respectively, as follows:

"A witness may be impeached by the party against whom he is produced, by contradictory evidence, by showing that he has made statements different from his present testimony."

"Before other evidence can be offered of the witness having made at another time a different statement, he must be inquired of concerning the same, with the circumstances of time and persons present, as correctly as the examining party can present them."

This was not done in this case, and the contradictory testimony was improper without it.

The court is of the opinion that the proviso in the above section of the act of 1887 was not intended to, and

dose not, dispense with the necessity for laying the proper foundation for contradicting a witness by first asking him whether he has made the statements testified to by the person by whom it is sought to contradict him and at the time and place indicated, thus affording him an opportunity to state what he said, and to explain what he meant by it. *Billings* v. *State*, 52 Ark. 308.

If it is desired to controvert statements of the application for continuance, it can be done by any proof showing that the statements are not true (without laying the foundation as indicated), other than evidence that the witness had made a different statement; but if it is sought to contradict the witness by proving that he has made a different statement, and thus impeach him and discredit his testimony, it cannot be done under the rules of the law until he has been afforded the opportunity above indicated. Justice and common fairness to the witness prohibit it, and the adjudicated cases so holding are numerous. *Conrad* v. *Griffey*, 16 How. (U. S.) 38, and cases cited. This applies as well to depositions as to oral examinations in court. *Unis* v. *Charlton's Admr*. 12 Grattan, 484.

We think the statement of what the absent witness would swear, when it is admitted that he would swear what it states, should be treated as a deposition.

The testimony of T. B. Atkinson, when recalled by the plaintiff, as to statements made in his presence, sometime after the accident, by some of the railroad employees, was mere hearsay and clearly incompetent.

*4. Declarations of employees not admissible.*

These statements by the railroad employees could not be taken as admissions by the railroad company. In *Railway* v. *Barger*, 52 Ark. 78, it is held that the statement of the depot agent as to the condition of the platform before the accident in that case was incompetent. The statement in this case was not a part of the *res gestæ*, and was not admissible as such, because it was not

made at the time of the accident or so near to it as to throw light upon it.  *Waldele* v. *N. Y. Cent. R. Co.* 95 N. Y. 274; *Vicksburg & C. R. Co.* v. *O'Brien*, 119 U. S. 99.

**5. Duty of carrier toward passengers.**  The first and second instructions for the appellee were not correct.  The objection to the first is that, as applied to this case, it was not full enough.  As to the second, the railroad company, in operating its freight train with caboose attached for passengers, was not bound to the "utmost diligence which human skill and foresight could effect," as set out in this instruction given for the appellee.

The law in this behalf, applicable to this case, is correctly laid down in the *Arkansas Midland Railway Company* v. *Canman*, 52 Ark. 524–5, where it is said that "railroad companies are bound to the most exact care and diligence, not only in the management of trains and cars, but also in the structure and care of the track, and in all the subsidiary arrangements necessary to the safety of the passengers.  While the law demands the utmost care for the safety of the passenger, it does not require railroad companies to exercise all the care, skill and diligence of which the human mind can conceive, nor such as will free the transportation of passengers from all possible peril.  They are not required, for the purpose of making their roads perfectly safe, to incur such expenses as would make their business wholly impracticable, and drive prudent men from it.  They are, however, independently of their pecuniary ability to do so, required to provide all things necessary to the security of the passenger reasonably consistent with their business and appropriate to the means of conveyance employed by them, and to adopt the highest degree of practical care, diligence and skill that is consistent with the operating of their roads, and that will not render their use impracticable or inefficient for the intended purposes of the same."

There was no error in refusing the fourth prayer of the appellant. The law on the point covered by it was sufficiently given by other instructions. There was no error in the modification of this instruction by the court.

For the errors indicated, the judgment is reversed, and the cause is remanded for a new trial.