PRATT v. STATE.

Opinion delivered May 13, 1905.

1. CONTINUANCE—WHEN PROPERLY REFUSED.—It was not error in a murder case to refuse a continuance on account of the absence of witnesses to prove the general reputation of defendant and deceased, in the absence of any proof that such general reputation could not be proved by other witnesses.   (Page 351.)

2. SAME—CUMULATIVE EVIDENCE.—A continuance asked for the absence of evidence merely cumulative in its nature was properly refused. (Page 352.)

3. MURDER—SELF-DEFENSE—INSTRUCTION.—The court modified an instruction asked by defendant by inserting the italicized words, as follows: "The jury are instructed that the defendant, Roy Pratt, had as much right under the law to protect the life and body of his father as he had to protect his own; and if you find from the evidence that the deceased, Brewer, was making an effort to either take the life of C. L. Pratt, the father of the defendant, or to do him some great bodily harm, and the defendant struck, *honestly believing and without fault or carelessness,* to prevent it, then he would not be guilty. *Held,* that the modification was not erroneous.   (Page 352.)

4. TRIAL—IMPROPER ARGUMENT.—Improper argument of the State's counsel, elicited by similar improper argument of defendant's counsel, did not constitute reversible error where the court sustained an objection to the argument.   (Page 353.)

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

*S. Brundidge,* for appellant.

The motion for continuance should have been granted.   71 Ark. 180; 60 Ark. 564; 62 Ark. 286; 57 Ark. 165.   The closing remarks of counsel for the State were improper.   70 Ark. 305, 183; 61 Ark. 138; 71 Ark. 183; 62 Ark. 516; 58 Ark. 473; 65 Ark. 389; 22 S. W. 369; 58 Ark. 353; 58 Ark. 368; 76 N. W. 462.

*Robert L. Rogers, Attorney General,* for appellee.

HILL, C. J. Roy Pratt was indicted for murder in the second degree, and was tried and convicted of voluntary manslaughter, and his punishment fixed at four years in the penitentiary, and he has appealed.

Marion Brewer was very drunk last Christmas, and in a maudlin condition went into the livery stable of C. L. Pratt, father of appellant, Roy Pratt, where both father and son were. They had just returned from Searcy, where they ran hacks from Higginson (their residence), and were unhitching the horses from the hacks when Brewer came in. His first diversion was to rake the door with his knife, and his next was to ask Lewis Walker, who was in the stable, for a drink of whisky. Walker gave him instead some candy, which he took and ate. Then he began to hollow and swear. Mrs. Pratt was in charge of the postoffice close by, and within hearing. Mr. Pratt asked Brewer to desist from such conduct, but he continued to curse. From this point the evidence conflicts. That on part of the State tends to prove that Mr. Pratt struck him with a stick, the blow falling on his hand, which held the candy, and not a knife, and that simultaneously Roy Pratt struck him from behind on the head with a heavy stick, felling him. Then the two Pratts dragged him out of the stable, and while he was in an unconscious condition Roy struck him a hard blow in the face with his fist, and his father prevented him repeating it. The evidence for the appellant tends to prove that Brewer was advancing .on Pratt with an open knife in a menacing and threatening manner, and that Roy Pratt struck to save his father, and the father struck his hand to disarm him. Brewer's skull was fractured by the blow on the head, and he died shortly after the difficulty. This conflict in the evidence was submitted to the jury under correct instructions, only one of which is challenged here. The appellant insists that reversible error occurred in three particulars:

1. In overruling a motion for continuance. The motion was based on the absence of two witnesses, each of whom lived at Higginson; one was sick, and the other was temporarily away, and had been duly subpœnaed. One of these witnesses was expected to prove the good and peaceful reputation of the defendant, and that the reputation of Brewer was that of a quarrelsome and dangerous man, especially when he was drink-

ing, and by the other the dangerous character of Brewer was to be proved. He expected to prove further by one of these witnesses that Brewer was drinking just before the difficulty and under the influence of whisky; and that he had a large knife open in his hand, and ran this witness around the depot just a few minutes before the difficulty. That Brewer was drunk, and had a large open knife in his hand when he entered the stable, was proved by several witnesses on both sides. His conduct at the depot in running some negroes away with his knife was proved by other witnesses, and that he treated this witness in a similar manner was but an accumulation of his drunken antics. Brewer had been constable of Higginson Township, and Pratt had lived there several years.

It cannot be seen how the failure to procure these two witnesses as to the reputation of these two parties could be prejudicial. Higginson is just a few miles from the county seat, and, the parties being so well known there, the defendant would have had no difficulty in having a large number of witnesses on these points, if they were true and material; but he did not ask for any others, and offered no evidence on this subject. It is thoroughly settled that rulings on motions for continuance are matters within the sound discretion of the trial court, and will not be reversed unless that discretion is abused to the prejudice of the complaining party. In this case there appears neither abuse of discretion nor prejudice.

2. The appellant asked the following instruction, which the court gave by modifying it with the insertion of the words in italics:

"(2.) The jury are instructed that the defendant, Roy Pratt, had as much right under the law to protect the life and body of his father as he had to protect his own; and if you find from the evidence that the deceased, Brewer, was making an effort to either take the life of C. L. Pratt, the father of defendant, or to do him some great bodily harm, and the defendant struck, *honestly believing and without fault or carelessness*, to prevent it, then he would not be guilty, and you say so by your verdict."

The appellant complains of the modification, but the doctrine asserted is sustained expressly by *Smith* v. *State,* 59 Ark. 132; *Magness* v. *State,* 67 Ark. 594; and *Elder* v. *State,* 69 Ark. 649.

3.   The only other question presented is the alleged improper argument of the special counsel for the State.

The appellant's attorney, commenting on the testimony of one Phillips, said that it was strange that he did not remember that appellant had said to him, while in his custody, that he struck the deceased because he was about to kill his father,; and asked how the report became current; and then said: "That from the evidence in the case the atmosphere was laden with the rumors that defendant struck deceased because deceased, as he thought, was about to kill his father." Replying to this, the counsel for the State accounted for these rumors by stating that they were published in the Little Rock papers, and started by the appellant and his father, and their publication caused by them for the purpose of manufacturing a defense. The appellant objected to this argument, and the court sustained the objection, and directed counsel to proceed with the record. The appellant's counsel traveled outside of the record when he told of the atmosphere being laden with certain rumors, and it was to be expected that opposing counsel would explain the cause of this atmospheric condition, and he did so by charging it with having been generated by the defendant for the purposes of his defense. Both statements were without the record, and the court should have stopped the first, and thereby the invitation to the  second would not have been extended. As soon as the court was called upon to act, he sustained the objection, and directed the argument to be confined within the record. The court fails to find reversible error in this. *Kansas City Southern Ry. Co.* v. *Murphy,* 74 Ark. 256; and *Day* v. *Ferguson,* 74 Ark. 298.

On the whole case, the court is of the opinion that the defendant has had a fair and impartial trial, and the evidence of the State's witnesses, which was accredited by the jury, amply sustained the verdict.

The judgment was affirmed.