ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* FISHER.

Opinion delivered October 29, 1906.

1. CONTINUANCE—CUMULATIVE EVIDENCE.—It was not error to refuse a continuance on account of the absence of certain witnesses where the application merely alleges due diligence in general terms, without showing what efforts were made to get the witnesses present or why their depositions were not taken; and where their testimony, if they had been present, would have been merely cumulative. (Page 378.)

2. INSTRUCTION—WHEN NOT PREJUDICIAL.—Where, in an action for the benefit of the widow and the father as next of kin of one negligently killed, the evidence showed contributions from deceased to the widow but not to the father, an instruction which permitted the jury to find damages to the father as well as the widow was not prejudicial if the verdict was for a sum less than the evidence justified the jury in awarding to the widow. (Page 379.)

3. APPEAL—INVITED ERROR.—Appellant can not complain that the court, at his request, submitted a question to the jury which should have been determined by the court as a matter of law. (Page 379.)

Appeal from Arkansas Circuit Court; *George M. Chapline,* Judge; affirmed.

*B. S. Johnson,* for appellant.

1. The court should have granted a continuance. (*a*) A continuance goes as a matter of right if the moving party complies with the requirements of the statute, and if the evidence for the production of which the continuance is sought is material—unless the adverse party will admit that the absent witnesses

would testify as stated in the application.   Kirby's Digest, § 6173.
(*b*)  The transcript having been filed and docketed within ten days of the commencement of the term of court, the case was not triable at that term.   Kirby's Digest, § 8001.

2.  The verdict, being based upon rumors and hearsay, is without any legal evidence to sustain it.

The defendant's duty was to exercise reasonable care to furnish reasonably safe appliances, and to maintain them in good repair.   51 Ark. 468.   The master is not an insurer of the servant's safety, nor does he guaranty that the tools, appliances, etc., may not prove defective.   46 Ark. 555; 44 Ark. 529.   Negligence of the company is not to be inferred from the occurrence of the injury.   84 S. W. 797.   Where the evidence is in equipoise as between two opposing theories, a verdict in favor of either contention against the other is erroneous.   57 Ark. 402.   See, also 58 Ark. 371; 59 Ark. 81; 88 Fed. 31; 48 S. W. 439; 20 S. W. 819; 133 N. Y. 650; 40 Ohio St. 386.

*J. H. Harrod* and *Murphy, Coleman & Lewis,* for appellee.

1.  On change of venue, it is not reversible error to try a case filed within ten days of the beginning of the term.   57 Ark. 287.   Moreover, appellant's counsel had agreed that the case should be set for the day on which it was tried.

Continuances on account of absent witnesses are within the discretion of the trial court, and unless there is an abuse of this discretion there is no ground of reversal.   75 Ark. 350; 78 Ark. 299.

HILL, C. J.   The deceased, Fish, who was called Fisher, was one of a switching crew working with switch engine No. 722. A coupling was attempted to be made by the engine, and it failed, and Fisher went in between the cars to make the coupling, and the engine moved backwards two and one-half or three feet, and that movement caused him to become pinched between the bumpers, and he died some eighteen hours after the injury in consequence thereof.

The widow of Fisher became administratrix of his estate, and brought this suit, and recovered $1,000 for the estate for his pain and suffering, and $5,000 for the widow and next of kin.

The case turned on whether there was a defect in the engine causing it to move or "walk," as the trainmen call it, after it was brought to a stand and without any action on part of the operatives to cause it to move.   There is substantial testimony tending to prove that steam leaked into the cylinders of this engine, that such leakage would cause the engine to "walk," and that this fact was reported to the foreman in charge of repairs, and that proper repairs of the engine had not been made to prevent this.   On the other hand, there was abundant evidence contradictory of this and tending to establish that engine 722 was in perfect condition at the time of the accident, that there was no leakage in throttle or lubricator or other part which would cause steam to get into the cylinders and move the engine after it was brought to a stop.

A serious attack is made upon the sufficiency of the evidence to sustain the verdict, but, as above indicated, there was a jury question here, and it was settled against appellant.

The first question of law argued is the alleged error of the court in denying a continuance and proceeding with the trial at a term of court during which the transcript on change of venue was filed.

The change of venue had been taken in time for the transcript to have been filed in apt time for trial at the term in question, and the attorneys agreed upon the date set, and the transcript was filed before that day, and after the agreement aforesaid the parties had ample time to prepare for trial, so far as the record shows.   The motion for continuance failed to show diligence, and merely alleged in general terms due diligence, without setting forth what efforts had been made to get the witnesses present or their testimony or what reasons prevented the attendance of the witnesses or why their depositions had not been taken.  The evidence of these witnesses was only cumulative to other testimony of appellant tending to prove the same facts.   There was no reversible error in this.   *Railway Company* v. *Sweet,* 57 Ark. 287; *Jackson* v. *State,* 54 Ark. 243; *Pratt* v. *State,* 75 Ark. 350; *Gallaher* v. *State,* 78 Ark. 299.

Objection is made to one of the instructions, not as abstractly wrong, but as inapplicable to the facts.   The court is satisfied that the facts were sufficient to go to the jury, and this instruction did not submit anything not fairly deducible from the evidence.

The instruction on the measure of damages in case of recovery used the terms "widow and next of kin." The evidence showed that Fisher left a widow and no children, and his father was his next of kin. There was evidence showing contributions to the wife and pecuniary loss to her from her husband's death, but none to the father. It is argued on the one hand that it was error to send the consideration of the father's claim to the jury, and on the other hand that; the court having used the language of the statute in the instruction, if any part of it were inapplicable, appellant should have made a specific objection. It is not necessary to go into that question. The verdict is less than the evidence justified the jury in awarding to the widow, and hence there could have been no prejudice to appellant in allowing a consideration of the father's claim when there was no evidence of pecuniary loss to him, but evidence of a greater amount recoverable by the widow than this verdict.

It is also insisted that the evidence shows the injury was due to negligence of the train operatives in charge of the engine in permitting, or causing, the engine to move. But this question was sent to the jury under a proper instruction given at the instance of appellant.

Finding no error, the judgment is affirmed.