MARTIN *v.* VAUGHT.

Opinion delivered April 2, 1917.

APPEAL AND ERROR—INSTRUCTION ON PREPONDERANCE OF THE TESTIMONY.—In an action to recover the possession of personal property it is error for the court to refuse to give at defendant's request, an instruction that the preponderance of the evidence is not necessarily determined alone by the number of witnesses testifying, but that in determining the preponderance, the jury should consider the opportunities or occasions of the witnesses for seeing or remembering what they testify to or about, the probability or improbability of its truth, the relation or connection, if any, between the witnesses and the parties, their interest in the result of the case, and their conduct and demeanor while testifying.

Appeal from Montgomery Circuit Court; *Scott Wood,* Judge; reversed.

The appellant *pro se.*

The court erred in refusing instructions 2 and 3, asked by defendant. Shinn on Replevin, § 447; 77 Ark. 299; 87 *Id.* 641; 93 *Id.* 272; 1 Greenl. on Ev., § 74; 1 Elliott on Ev., § 132; 25 Ark. 482.

It was error to refuse instruction No. 5. It was the law of the case, for two of plaintiff's witnesses were her

own sons. The suit was not brought within three years. Kirby's Digest, § 5064; 46 Ark. 489; 44 *Id.* 29.

*J. I. Alley,* for appellee.

There was no error in giving or refusing instructions. No exceptions were saved. Kirby's Digest, § § 6221-2; Kirby & Castle's Digest, § § 7660-1.

The objections were general. 87 Ark. 614; 75 *Id.* 181.

HART, J. Mrs. E. J. Vaught instituted this action against W. A. Martin, as constable, to recover the possession of two cows. There was a verdict and judgment for the plaintiff in the justice court where the suit was commenced, and the defendant appealed to the circuit court. In the circuit court there was again a verdict and judgment for the plaintiff and the defendant has appealed to this court. The material facts are as follows:

Mrs. E. J. Vaught owned a homestead in Montgomery County, Arkansas, upon which, among other personal property, there were the two cows involved in this suit. Her son, Garland Vaught, and Liza Vaught, his wife, resided on the place, and the cows in controversy were in their possession for several years. Garland Vaught died and at the time had an account for merchandise with W. C. Green. After his death Mrs. Liza Vaught assumed the account of her dead husband and continued to trade with Mr. Green. When the account became due she refused to pay it. Mr. Green sued her and obtained judgment against her for the amount of the account. An execution was issued on the judgment and placed in the hands of W. A. Martin, constable of the township in which she resided in Montgomery County. He levied the execution on the cows involved in this suit as the property of Mrs. Liza Vaught, and Mrs. E. J. Vaught instituted an action in replevin against the constable to regain possession of the cows.

According to the testimony of Mrs. E. J. Vaught, she owned the cows and had loaned them to her son Garland,

who resided on her place. She stated that he did not own the cows and never claimed to own them.

Another son also testified that she owned the cows and only permitted her son Garland to keep them for their milk, and that he did not claim the cows at all.

Evidence was adduced by the defendant tending to show that the cows had been in possession of Garland Vaught and his wife for more than five years and that he had mortgaged the cows every year and had always claimed to be the owner of them. Other circumstances were adduced in evidence tending to show that the cows belonged to Garland Vaught.

In rebuttal, Mrs. E. J. Vaught testified that she signed a mortgage with her son at one time. She denied knowing that he had ever mortgaged the cows any other year. It was shown by her son that she had paid taxes on the cows.

The defendant claimed that he was entitled to a verdict under section 3661 of Kirby's Digest, which provides in substance that a pretended loan of chattels for five years without demand shall be void unless such loan was in writing as required by the statute. The court properly submitted the theory of the defendant to the jury and there was sufficient evidence to sustain the verdict for the plaintiff. The defendant asked the court to give instruction No. 5 to the jury, which is as follows:

"No. 5. The court instructs the jury that the preponderance of the evidence is not necessarily determined alone by the number of witnesses testifying to any fact or facts, but in determining where the preponderance is, you may also take into consideration the opportunities or occasions of the witnesses for seeing or remembering what they testify to or about, the probability or improbability of its truth, the relation or connection, if any, between the witnesses and the parties, their interest in the result of the case, and their conduct and demeanor while testifying."

The court refused to give the instruction and error calling for a reversal of the judgment is predicated upon the ruling of the court. We think the assignment of error is well taken. An instruction in all respects similar to the refused instruction was approved by the court in *Newhouse Mill & Lumber Co.* v. *Keller,* 103 Ark. 538. In the present case the court did not give any instructions on this phase of the case. Two of the witnesses for the plaintiff were her sons, and they were material witnesses in her behalf and their testimony strongly tended to corroborate her testimony. Hence it was prejudicial error not to give any instruction on this question. The defendant having asked a correct instruction, it was prejudicial error to refuse to give it.

The defendant also asked for a reversal of the judgment because the court failed to give an instruction asked by him that the burden of proof was upon the plaintiff. The instruction asked for was correct, but if this was the only assignment of error relied upon for a reversal of the judgment, the court would not reverse it because the instructions of the court in effect cast upon the plaintiff the burden of proof in the whole case. It would have been better, however, for the court in plain terms to have told the jury that the burden of proof was upon the plaintiff and that it devolved upon her to establish her case by a preponderance of the evidence.

For error in refusing instruction No. 5, asked for by the defendant, the judgment will be reversed and the cause remanded for a new trial.