## BUCKLEY *v.* COLLINS.

Opinion delivered June 14, 1915.

1. INFANTS—RIGHT TO SUE—SUIT BY GUARDIAN—SUBSTITUTED COM-
   PLAINT.—J. was an infant and suit was brought against defendant
   by A., guardian for J., *held*, it was proper, thereafter, for the justice,
   before whom the cause was pending, to permit the filing of a new
   complaint by J., through A., as next friend, the same not operating
   as the bringing of a new suit.

2. INFANTS—MAY SUE, HOW.—Under Kirby's Digest, § 6021, the action
   of an infant must be brought by his guardian or next friend, but
   it is nevertheless the action of the infant, no matter by whom
   brought.

3. MERCHANDISE CHECKS—VALIDITY—ESTOPPEL OF MAKER—CONSIDERA-
   TION.—Appellant issued certain checks which he held out as re-
   deemable in merchandise. *Held*, when the appellant made such a
   representation, and the checks were issued for a valuable consider-

ation, that he could be required to redeem the same in merchandise, or refund the consideration, and where he stated that the checks in controversy, and held by appellee, were good, he would be estopped from asserting that no consideration was given therefor.

Appeal from Pike Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*O. A. Featherston* and *W. S. Coblentz,* for appellant.

1. It was error to allow the filing of the amended and substituted complaint. 38 S. W. 703; 94 *Id.* 277.

2. There was no consideration for the checks. The evidence shows this, and the verdict is entirely unsupported by the evidence. 70 Ark. 385; Ruling Case Law, "Appeal and Error," § 167.

*W. T. Kidd,* for appellee.

1. The infant, and not the next friend, is the real party. The defendant entered his appearance and filed an answer. 90 Ark. 316; 101 *Id.* 124; 71 *Id.* 258; 157 U. S. 198; 94 Ark. 178.

2. The checks were assignable by delivery. 70 Ark. 215.

3. A verdict based upon conflicting evidence is conclusive. 90 Ark. 100. If there is any evidence to sustain it, the verdict is conclusive. 102 Ark. 200.

Wood, J. On the 7th of October, 1912, A. T. Collins, guardian for J. A. Collins, filed a claim against A. M. Buckley for $4.95 for time checks issued by Buckley. On the 18th day of October, 1912, there was filed in the justice court what is designated in the record as an amended and substituted complaint, in which it is recited as follows: "Comes the plaintiff, J. A. Collins, by his next friend, A. T. Collins, and for his cause of action states." It then sets forth that the defendant, A. M. Buckley, is engaged in the mercantile business in the town of Kimberly, Pike County, Arkansas, and that in connection with his business he issued certain checks commonly called *brozine,* good for (naming the amount) in trade; that these checks were issued to one Sanders, and were condi-

tioned that the defendant would redeem the checks during the month either in merchandise or cash when presented to him by the holder thereof. He further alleged that he owned $4.95 in these checks; that he had made demand on the defendant and he refused to redeem the same.

(1) Appellant first contends that the court erred in permitting the appellee to file what is called the amended and substituted complaint. At the time this pleading was filed there had been no written pleading filed in the justice court. The account that was filed before the justice was styled, "A. T. Collins, guardian for J. A. Collins." Although the account purported to be filed by A. T. Collins as guardian for J. A. Collins, it was not error for the court to permit the appellee, through A. T. Collins, to file what is termed the amended and substituted complaint. By so doing a new suit was not instituted, for it is the infant, and not the party who represents him in the litigation, that is the real party to the suit. As is said in *Morgan* v. *Potter,* 157 U. S. 195-8: "It is the infant, and not the next friend, who is the real and proper party. The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles an attorney, or a guardian *ad litem,* by whom a suit is brought or defended in behalf of another. The suit must be brought in the name of the infant, and not in that of the next friend."

(2) Under our statute "the action of an infant must be brought by his guardian or next friend." Kirby's Digest, § 6021. But whether the suit be brought by the guardian or the next friend, it is at least the suit of the infant and must be brought in the name of the infant by the guardian or the next friend. The infant can not act for himself in bringing a suit, but it is nevertheless his suit, no matter by whom brought. The mistake as to the capacity in which the party bringing the suit for the infant acts does not make it a suit by a different party. See *St. Louis, I. M. & S. Ry. Co.* v. *Haist,* 71 Ark. 258.

(3) There was evidence tending to show that the appellant put in circulation checks which read as follows:

"Good for $1 in trade.   A. M. Buckley, Reedland." Appellee, who was doing business through his guardian, acquired a number of these checks, having accepted the same in exchange for merchandise, and he presented them to appellant and appellant redeemed them either in merchandise or by paying the money therefor. The particular check in controversy appellee acquired in the same way, and he presented same to appellant, demanding payment thereof either in money or merchandise and appellant refused payment.

There was proof tending to show that appellant admitted that he placed the checks in circulation and that he had been redeeming the checks which appellee presented to him.

There was proof on behalf of the appellant to the effect that he loaned the check in controversy and similar checks to one Sanders and there was no consideration received by appellant from Sanders for these checks.

The court, among others, gave the jury the following instruction: "If you believe from a preponderance of the evidence that defendant Buckley issued these checks redeemable in money to customers of his, received money for them, placed them in circulation, and they were assigned to the plaintiff in the case for a valuable consideration, then the plaintiff would be entitled to recover the amount of his checks. If, however, you find from the evidence that the defendant Buckley loaned these checks to one Sanders and that Buckley received no consideration for them, but merely loaned them as a matter of accommodation to Sanders, and Sanders put them in circulation and they came into the hands of the plaintiff Collins, then your verdict will be for the defendant."

The appellant concedes that this instruction is correct, but argues that there was no evidence to sustain the verdict. We do not agree with counsel in this contention. There was substantial evidence to sustain the verdict. These checks were assignable by delivery to the appellee. *Martin-Alexander Lumber Co.* v. *Johnson,* 70 Ark. 215.

The court correctly instructed the jury. Appellant had been cashing the same kind of checks for appellee and other parties. Appellant, when asked if these checks were good, said they were "good at his store." He stated to other parties than the appellee that "they would be paid off on the 20th;" and appellant is estopped by his conduct in the manner in which he dealt concerning these checks with the appellee from asserting that there was no consideration for them. The jury were warranted in finding that there was a consideration.

The judgment is therefore correct, and it is affirmed.