## 10177

### COULTER v. HERMITAGE COTTON MILLS.

#### (98 S. E. 846.)

HUSBAND AND WIFE—RIGHTS OF WIFE—SEPARATE ACTION IN TORT.—A married woman may maintain an action for damages for assault and battery committed upon her by her employer's representative without joining her husband as a party plaintiff.

Before TOWNSEND, J., Kershaw, Summer term, 1918. Reversed.

Action by Callie Coulter against the Hermitage Cotton Mills. A nonsuit was allowed, and plaintiff appeals.

*Messrs. M. M. Johnson* and *B. B. Clark,* for appellant, cite: *As to right of a wife to maintain suit for a tort without joining her husband as a party with her:* 82 S. C. 560; (N. Y.) L. R. A. 553; Code of Procedure, sec. 445; Am. & Eng. Enc., vol. III, 1st Ed., p. 235; 4 Denn. (N. Y.) 80; 12 N. Y. 622; Am. & Eng. Ency. L., 2d Ed., vol. VI, p. 4, note 2; 20 S. C. 139; 75 Wend., p. 19; Pomeroy's Code Remedies, fourth Ed., p. 216; 2 Brevard 170; Pomeroy's Code Remedies, fourth Ed., p. 228; A. & E. E. of L., vol. V, p. 44; first Ed. 54 Me. 158; A. & E. En. of L., vol. IX, first Ed., p. 832, note 12; 44 Comm. 534; Bright, Hsb. and W. 34, 36; Dom. Rel., fourth Ed., 1st, *et seq.,* 2d Kent Com. 11th Ed. 116; 1 Bishop, Married Women, par. 171; Co. Lill. *Ib.;* Reeve Dom. Rel. 87; 1 Bishop Married Women, par. 705; 1 Barb. 9; 2 Duer. 633; 52 Barb. 142; 2 Hill 309; 11 Serg. & R. 325; 6 Barn. & C. 253; 3 Stk. 20; Bacon, Abr. Baron & Feme K; 8 Mass. 99; 2 Seig. & R. 491; 25 Mo. 580; 56 Me. 251; 54 Me. 156; 6 L. R. A., pp. 556, 557; State Constitution of 1895, article XVII, sec. 9; Pomeroy's Code Remedies, fourth Ed., pp. 178, 180; Code of Civil Procedure, 1912, sec. 198.

*Mr. W. B. deLoach,* for respondent, cites: *As to the inability of plaintiff, a married woman, to maintain this action without joining with her her husband as a party plaintiff:* Code of Civil Procedure, section 163; 80 — 139; 2 Ld. Raymond 1208, 1209; 92 Eng. Rep. (full reprint); 1 Sid. 387; 82 Eng. Rep. (full reprint 1173); 1 Beven on Negligence 160; 67 S. C. 117; 2 Brev. 170; 2 Bailey 478; S. C. Constitution 1895, art. XVII, sec. 17; Civil Code 1912, sec. 3758; 33 M. 196; 58 M. 156; 19 Stats. 819; Civil Code 1912, sec. 3759; 27 S. C. 428; 35 S. C. 303; 24 Stats. 945; Civil Code 1912, sec. 2963; 37 S. C. 375; Code of Civil Procedure, sec. 163; 82 S. C. 559; 158 Cal. 514; Ann. Cas. 1912a, 642; 167 Cal. 786.

March 29, 1919.

The opinion of the Court was delivered by MR. JHSTICE HYDRICK.

Plaintiff, a married woman, brought this action against defendant for damages for an assault and battery, alleged to have been committed upon her by a representative of defendant in the course of his employment. She did not join her husband as a party plaintiff, nor did she allege that she was a married woman. The answer was a general denial.

At the trial, plaintiff introduced testimony tending to prove the assault and battery alleged, and incidentally it was brought out that she was a married woman. At the conclusion of the testimony, defendant moved for a nonsuit, on the ground that she could not maintain the action without joining her husband. The Court granted the motion, and plaintiff appealed.

We think the Court was in error. In the case of *Messervy v. Messervy,* 82 S. C. 559, 64 S. E. 753, it was decided that a married woman could maintain an action for damages for maliciously enticing her husband away from her, without joining the husband as a party. While the circumstances

of the two cases are not precisely alike, the right of the wife to maintain an action in tort for injury to her person without joining her husband was affirmed in that case, on the ground that it was "a chose in action," in the broadest sense of those words, which belongs exclusively to her, and, therefore, she has the right to sue for such injury without joining her husband. Her right of action is separate and distinct from that which her husband may maintain, in such a case, for the loss of her services and other damages resulting to him by reason of her injury—just as a parent and minor child may maintain separate actions for an injury to the child.

Judgment reversed.

MESSRS. JUSTICES FRASER and GAGE concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not sit.