IRBY v. DOWDY.

Opinion delivered June 23, 1919.

PLEADING—AMENDMENT—SUBSTITUTION OF PARTIES.—Where a parent brought suit in his own name to recover a horse alleged to belong to his infant son, it was not error to refuse to permit him to amend the complaint to allege a cause of action in favor of the son by plaintiff as his natural guardian, as the proposed amendment would have the effect of bringing a new cause of action.

Appeal from Fulton Circuit Court; J. B. Baker, Judge; affirmed.

C. E. Elmore, for appellant.

Joseph Irby was the father and natural guardian of his son, and he should have been allowed to prosecute the suit in his own name and for his own use and benefit. It was error to refuse to substitute. Kirby's Digest, § 3756-7; 32 Ark. 92-96; 95 Id. 355-8.

All male persons are minors until they are twenty-one years of age. 79 Ark. 194; 101 Id. 510-12; 107 Id. 561.

If the minor had no father nor mother then this cause should have been prosecuted as laid down. Section 6021, Kirby's Digest; 82 Ark. 514; 93 Id. 353. Joseph Irby had the right to file his application as a sub-

stituted complaint to become natural guardian and next friend for his minor son. Kirby's Digest, § 4671. Appeals from justices court are tried "anew on the merits" in the circuit court. 55 Ark. 281-3. No new suit was instituted, as it is the infant who is the real party. 119 Ark. 231-3; 71 *Id.* 258; 66 *Id.* 247-253. The circuit court on appeals may permit amendments to be made to the complaint or statement of claim. Showing a substituted natural guardian and next friend for the infant does not constitute a new cause of action. 71 Ark. 258; 119 *Id.* 231-244; 98 *Id.* 480. New parties may be made in the circuit court on appeals from justices of the peace. Kirby's Digest, § 6011; 31 Ark. 210; 74 *Id.* 54; Kirby's Digest, § 6006; 49 Ark. 100; 86 *Id.* 304-6; 74 *Id.* 54; 95 *Id.* 97.

HUMPHREYS, J. Appellant, in his individual capacity, brought suit before a justice of the peace in Fulton County against Andrew Dowdy, to recover a certain gray horse of the value of $100. The affidavit filed by appellant to obtain delivery of the personal property stated that appellant was the owner of, and entitled to the immediate possession of, the horse. An appeal was prosecuted to the circuit court of Fulton County from the judgment rendered in the magistrate's court. On the call of the case in the circuit court, appellant filed a motion to substitute himself, as natural guardian and next friend of his son, Herbert Irby, a minor, seventeen years old, as plaintiff in his place and stead. The motion was overruled, over the objection and exception of appellant. The cause then proceeded to a hearing before a jury.

Appellant testified, in substance, that his oldest son bought the horse in question, through his direction, for his son, Herbert Irby, who was at the time residing with, and assisting, his oldest son in making a crop; that the horse was paid for out of that portion of the proceeds of the crop belonging to Herbert; that Herbert kept the horse on the farm during the crop season, and that he

traded him to appellee for a crippled horse; that appellant never had any control over, or the possession of, the horse, nor did he ratify or confirm the trade made by his son with Robert Dowdy.

At the close of appellant's testimony, the court instructed a verdict for appellee and rendered judgment dismissing the action. From the verdict and judgment an appeal has been duly prosecuted to this court.

The verdict was instructed and the action dismissed for the reason that the undisputed evidence disclosed that appellant had no interest in the horse.

Appellant insists that the court erred in refusing to permit him to substitute, in his place, as plaintiff, himself as guardian and next friend of his son, Herbert Irby, who was the real owner of the horse in question. Had the suit been instituted in the first place by any one as the next friend of Herbert Irby, it would have been within the discretion of the court to have substituted his natural guardian, or any other person as his next friend, for the next friend who had first brought the suit. *Wood* v. *Claiborne*, 82 Ark. 514; *Nashville Lumber Co.* v. *Barefield*, 93 Ark. 353. In the suit supposed, the infant would have been the real party in interest, and not the party who represented him, and the substitution of the natural guardian or another person as next friend would not have the effect of bringing a new cause of action. *Freeman* v. *Lazarus*, 61 Ark. 247; *St. Louis, I. M. & S. R. Co.* v. *Haist*, 71 Ark. 258; *Haydon* v. *Haydon*, 98 Ark. 480; *Buckley* v. *Collins*, 119 Ark. 231. While it is true that section 3757 of Kirby's Digest provides the natural guardian shall have the custody and care of minor children and their estates, it does not follow that they can maintain suits in their individual names for their children's property, for it is provided by section 6021 of Kirby's Digest that "The action of an infant must be brought by his guardian or his next friend." Unless the minor was included as a party plaintiff when the action was brought, his inclusion thereafter would amount to the institution of a new suit. This court said,

in the case of *State* v. *Rottaken,* 34 Ark. 144, quoting the fourth syllabus: "Where a plaintiff shows in his complaint that he has no cause of action, the court can not amend it by making others plaintiffs who have." This rule of pleading was reaffirmed in the case of *Schiele* v. *Dillard,* 94 Ark. 277. In approving the rule, the court said, "The appellants sought by amendment to their complaint to substitute new parties defendant. This could not be done. While the court may in its discretion allow additional parties plaintiff or defendant to be added or struck out, it can not make an entire change of parties plaintiff or defendant. That would be tantamount to a new suit between entirely different parties."

It is suggested by appellant that the ruling of the court prohibiting him from prosecuting the suit in his individual name caused his son, Herbert Irby, to suffer the loss of a horse valued at $100. We do not understand that the dismissal of appellant's complaint in any way prejudiced the rights of his son, Herbert Irby. Herbert Irby was in no sense a party to the suit, and his title to the horse was not adjudicated. Notwithstanding the dismissal of appellant's suit, he was at liberty to institute another as the guardian and next friend of his minor son for the recovery of the horse in question.

No error appearing, the judgment is affirmed.