TEXARKANA & FORT SMITH RAILWAY COMPANY *v.*

ADCOCK.

Opinion delivered June 6, 1921.

1.  HUSBAND AND WIFE—WIFE SUING FOR PERSONAL INJURIES.—Under Vernon's Civ. Stat. of Texas, supplement of 1918, art. 4621a, declaring that all property or moneys received as compensation for personal injuries sustained by the wife shall be her separate property, etc., a married woman may in Texas maintain a separate action for personal injuries.

2.  VENUE—ACTION FOR PERSONAL INJURIES.—An action for personal injuries is transitory and may be brought in a State other than that in which it arose.

3.  CONTINUANCE—CUMULATIVE TESTIMONY.—It was not error to refuse a continuance on account of a witness suffering from a temporary paralysis of the throat, rendering him unable to speak, where the testimony of such witness would have been cumulative merely.

4.  APPEAL AND ERROR—INSTRUCTION—SPECIFIC OBJECTION.—Inaccuracies in the phraseology of an instruction, substantially correct, will not be reviewed where they were not pointed out by specific objections.

5.  TRIAL—REFUSAL OF REQUESTS ALREADY COVERED.—The refusal of requests for instructions already covered by the charge given was not error.

6.  TRIAL—INSTRUCTION—SPECIFIC OBJECTION.—The giving of an instruction not in good form is not error where no specific objection was made.

7.  TRIAL—INSTRUCTION—WEIGHT OF EVIDENCE.—Though it is proper to charge that the jury are the sole judges of the weight of the evidence and the credibility of the witnesses, it was improper to add that their authority as such was "illimitable, final and unfettered."

8.  EVIDENCE—DETERMINATION OF PREPONDERANCE.—In determining the preponderance of the evidence, it is proper for the jury to take into consideration the number of witnesses, but the preponderance is not necessarily in favor of the one who produces the greater number of witnesses to a proposition, as that depends upon the weight which the jury may give to the testimony of the respective witnesses, taking into consideration their interest, relationship, bias, means of information, manner of testifying, etc.

9.  CARRIERS—OPPORTUNITY TO PASSENGER TO ALIGHT SAFELY.—It is
the duty of a carrier to allow passengers a reasonable opportu-
nity to alight, and, in determining what is a reasonable time, to
take into consideration any special condition peculiar to the pas-
senger and to the surroundings at the station and to give a rea-
sonable time under the circumstances.

Appeal from Miller Circuit Court; *Geo. R. Haynie,*
Judge; affirmed.

*James B. McDonough,* for appellant.

1.  The court should have directed a verdict for de-
fendant. The injury occurred in Texas, and under its
laws damages for personal injuries to the wife are com-
munity property for which alone the husband can sue,
and the complaint does not state a cause of action. Un-
der the laws of Arkansas defendant never waives the
failure of the complaint to state a cause of action. C. &
M. Digest, § 1192, and cases cited. The right of plain-
tiff to recover was raised. As to matters of evidence the
law of the former governs. 113 Ark. 265; 142 *Id.* 159.
However, the right of the wife to maintain the suit de-.
pends upon where the injury occurred. 67 Ark. 295; 50
*Id.* 155; 155 U. S. 190; 98 Ark. 240; 194 U. S. 120; 26 Cyc.
1079. See, also, 79 Fed. 934; 59 N. Y. S. 66; 28 *Id.* 446;
35 Am. Rep. 705; 39 Kan. 56; 126 Pa. 296. The Texas
law governs. 60 Tex. 334; 67 S. W. Rep. 438; 65 Tex.
281; 73 *Id.* 29; Speer on Married Women, § 227; 223 S.
W. 270. The husband alone can sue for personal in-
jury to the wife where the injury occurs in Texas. 79
S. W. 345; 72 *Id.* 78; 193 *Id.* 137; 149 *Id.* 347; 96 *Id.* 26.
Nor can the wife sue for personal injuries in the State
of Washington. 182 Pac. 630. The same rule exists in
California and Nevada. 108 Pac. 328; *Ib.* 98. The hus-
band alone can sue in Texas. 100 S. W. 791; 124 S. W.
149; 214 S. W. 250.

2.  It was error to overrule the continuance. While
a matter of discretion, yet the courts must not abuse
their discretion. 100 Ark. 301; 126 *Id.* 483; 99 *Id.* 394; 85
*Id.* 334; 21 *Id.* 460; 142 *Id.* 15. A proper case was made
and good grounds shown for continuance. .

3. The court erred in refusing to give instruction 4 for defendant. The carrier was not bound to give personal notice to the passenger that her station had been reached. 134 Ark. 265. The jerk was purely accidental and not due to negligence, and plaintiff can not recover. 129 Ark. 369.

4. It was error to give plaintiff's instruction No. 1. A reasonable time was allowed by the carrier for passengers to get off and on trains and a reasonable opportunity was given plaintiff. 128 Ark. 479, and cases cited. 101 Ark. 183-190; *Ib.* 128; 105 *Id.* 261.

5. It was error to give plaintiff's request No. 2.

6. It was error to give plaintiff's request No. 3. It gives plaintiff the absolute right to stop anywhere on her journey out and wait until all other persons would come in, without notice to the brakeman. Besides, the instruction comments upon the testimony.

7. It was error to give plaintiff's request No. 4. It does not cure the errors in other instructions given.

8. It was error to give plaintiff's request No. 5. It does not properly declare the law as to the weight of evidence, and the duty of the jury is to be governed by the preponderance of the evidence. 99 Ark. 69. It comments on the testimony.

9. It was error to refuse instruction No. 5 asked by defendant. If plaintiff's detention was due to her own neglect, she can not recover.

10. It was error to refuse No. 6 for defendant. The evidence shows that plaintiff was extremely rash and negligent in attempting to alight from the train and can not recover. The instruction duly submitted to the jury the question whether or not her injury was due solely to the negligence of defendant or to her own negligence. It was good law.

*J. M. Carter,* for appellee.

There is no error in the instructions, and the verdict is sustained by the evidence. Under the evidence the jury would have been warranted in awarding punitive damages had plaintiff asked them.

WOOD, J.   This action was brought by the appellee against the appellant.   The appellee alleged that she was a passenger on appellant's train from Texarkana, Arkansas, to Bloomburg, Texas; that when the appellant stopped its train at Bloomburg for the purpose of allowing the appellee and other passengers to alight, there were standing on its platform other persons who desired to take passage on that train, and, before the appellee, in the exercise of ordinary care had time to debark, other persons were allowed to board the train in such numbers that appellee thereby was prevented from getting off until the incoming passengers had sufficiently cleared the passage way; that immediately after the passage way was cleared appellee was going down the steps to debark, and the train was put in motion, and the appellee was thrown off her balance.   Appellee alleged that the step leading from the coach to the platform was high and dangerous; that the appellant failed to furnish any stool or step on which to alight and failed to furnish any one to assist her in alighting from the coach; that these acts of negligence caused appellee to fall from the coach upon the hard surface of the platform and produced serious personal injuries, which she set forth in detail, to her damage in the sum of $3,000, for which she prayed judgment.

The appellant answered, denying specifically the allegations of negligence, and set up as an affirmative defense contributory negligence on the part of the appellee.

Appellee testified that she and her husband were passengers on appellant's train as alleged in her complaint. and that when the train stopped at Bloomburg, Texas, they got up to get off, and when they got to the door people were crowding in so that appellee and her husband could not get out.   They started out as quickly as they could.   Her husband was ahead of her.   She had no baggage except a little hand satchel.   Just as soon as they could get out, her husband stepped off, and she started to get off, and the train gave a jerk and threw her backward.   She first realized that the train was moving when she made her step.   Nobody was there to help her off.   There was no stool to step on.   She then described

her injuries, which it is unnecessary to set forth. Other witnesses corroborated the testimony of the appellee.

There was testimony on behalf of the appellant tending to contradict the testimony introduced on behalf of the appellee. It was shown that a white man by the name of Marshall was brakeman on the train on that occasion; that he was at his place on the platform where the passengers get on and off and had a step stool. Marshall was not present to testify at the trial, and the appellant moved to continue the cause on that account. Appellant alleged that Marshall was present at a former term of the court when the cause by mutual agreement was continued, and that he could not be present at this term because he was afflicted with paralysis which at this time rendered him, and for some time to come, would render him unable to talk; that his testimony was material because the appellant expected to prove by him facts, which it set forth, directly contradicting the testimony of the appellee as to the acts of negligence to which she had testified. Appellant alleged that it thought that if the cause was continued there would be a reasonable chance of either procuring the attendance of the witness, or his deposition.

The motion for continuance was filed December 8, 1920, and accompanying the motion was a certificate of a physician made on December 2, 1920, to the effect that Marshall was afflicted with throat trouble in the nature of paralysis rendering him unable to talk and that he would not be able to attend court.

The rulings of the court in the giving and refusing prayers for instructions will be considered as we proceed. The trial resulted in a verdict and judgment in favor of the appellee. The appellant by this appeal seeks to reverse the judgment.

1. Appellant contends that the appellee can not maintain this suit since the injury occurred in Texas, and under the laws of that State damages for personal injuries to the wife are community property for which the husband alone can sue. The Legislature of Texas in 1915 enacted the following statute: ''All property or money received as compensation for personal injuries

sustained by the wife shall be her separate property, except such actual and necessary expenses as may have accumulated against the husband for hospital fees, medical bills, and all other expenses incident to the collection of said compensation.'' Art. 4641a of 1918 Supplement to Vernon's Texas Civil & Criminal Statutes.

Since the passage of the above act, compensation for personal injuries sustained by the wife is no longer community property, and such compensation is now the separate property of the wife. In the absence of a decision of the highest court of Texas holding that under the above statute the husband alone can maintain a suit to recover compensation for personal injuries to his wife, we are constrained to hold that the wife under the above statute should be permitted to maintain a suit in her own name and right. Such would undoubtedly be the proper construction if the injury had occurred in this State under a similar statute, when construed in connection with section 5577 of Crawford & Moses' Digest. That statute expressly confers upon married women the right to sue and to be sued and to enjoy all rights and to be subject to all the laws as though she were a *femme sole*. Learned counsel for appellant cite us to cases of the court of Civil Appeals of Texas holding that the husband alone can sue for community property, and that damage for personal injuries to the wife are community property. *Ainsa* v. *Moses,* 100 S. W. 791; *Cone* v. *Belcher,* 124 S. W. 149; *Allemania Fire Ins. Co.* v. *Angear,* 214 S. W. 450. But counsel have not directed our attention to any decision of the Court of Civil Appeals of Texas, or of the Supreme Court, since the passage of the above act holding that compensation for personal injuries to the wife is community property, and that the husband alone can sue for the same. Our own research has not discovered a holding of the courts of Texas to that effect. Therefore, we must construe the statute as we believe it should be construed in harmony with our own laws upon the subject. The action is one *ex delicto*, personal, transitory, and therefore may be brought in

this State. *St. L., I. M. & S. Ry. Co.* v. *Brown,* 67 Ark. 295; *K. C. So. Ry. Co.* v. *Ingram,* 80 Ark. 269; *St. L., I. M. & S. Ry. Co.* v. *Hesterly,* 98 Ark. 240; *St. L. & S. F. Rd. Co.* v. *Coy,* 113 Ark. 265; *Hines* v. *Rice,* 142 Ark. 159.

2. Appellant next contends that the court erred in overruling its motion for a continuance. On the allegations of negligence set forth in the complaint the testimony of the absent witness, Marshall, as alleged in the motion for continuance would have been very material, because he was the brakeman who was stationed at the door where passengers got on and off the train and his testimony as set out in the motion directly contradicted the testimony of the appellee and her witnesses, tending to sustain the allegations of negligence set up by the appellee. But, upon careful consideration of the testimony of several other witnesses on behalf of the appellant, we find that their testimony tended to establish the same facts as would have been testified to by the witness Marshall, if present. Marshall's testimony, therefore, would have been only cumulative, and the rule has been thoroughly established by this court that the trial court can not be reversed for overruling a motion for continuance where the testimony of the absent witness is but cumulative. See *Carpenter* v. *State,* 62 Ark. 286; *St. L., I. M. & S. Ry. Co.* v. *Fisher,* 80 Ark. 376; *A. L. Clark Lumber Co.* v. *Northcutt,* 95 Ark. 291; *James* v. *State,* 125 Ark. 269, and other cases collated in 1 Crawford's Digest, p. 1023—"Continuance"—12 (6).

3. The appellant next contends that the court erred in giving and refusing certain prayers for instructions. We have examined the several prayers in the light of the criticisms by the learned counsel for the appellant, and we find that there are some inaccuracies, but they are mere errors of verbiage and do not relate to matters of substance. The attention of the trial court should have been drawn to them by specific objection which was not done. Some of the prayers of the appellant which the court refused were correct, but these were covered by other instructions which the court gave. Instruction No.

5* (set forth in marginal note) was not in good form, and, if specific objection had been made to it, the court should not have given it. The jury are the sole judges of the weight of the evidence and the credibility of witnesses. After thus instructing the jury, it was surplusage and wholly unnecessary and improper to add by way of accentuation the words "illimitable, final and unfettered."

In determining where the preponderance of the evidence lies on the facts at issue, it is proper for the jury to take into consideration the number of witnesses testifying pro and con, but the preponderance is not necessarily in favor of the one who produces the greater number of witnesses to a proposition. That depends entirely upon the weight or degree of credit which the jury may give to the testimony of the respective witnesses after taking into consideration all the elements or tests by which the credibility of witnesses is determined, such as interest, relationship to the parties, bias, means of information, manner of witness in testifying, etc. See *St. L., I. M. & S. Ry. Co.* v. *Evans*, 99 Ark. 69, 76; *Newhouse Mill & Lbr. Co.* v. *Keller*, 103 Ark. 538-547; *Martin* v. *Vaught*, 128 Ark. 293. But, while the instruction can not be approved as a precedent, it is not erroneous in substance, and, in the absence of specific objection, it was not prejudicial error calling for a reversal of the judgment.

The charge as a whole was in conformity with the law applicable to the facts of this record as announced by this court in many decisions, some of them quite recent. In *St. L., I. M. & S. Ry. Co.* v. *Aydelott*, 128 Ark. 479, we said: "It is the duty of carriers to allow their passengers a reasonable opportunity of getting on and off their trains, and they must stop at stations long

---

* No. 5. It is not the number of witnesses who testify in a case that creates the greatest weight of evidence. One witness may be opposed by many witnesses, and still the jury would be justified in accepting this one witness' testimony, as against a number of other witnesses, as to how the thing happened, provided you believe his testimony more nearly comports with the truth, and as to whether their testimony or his more nearly comports with the truth you are the sole, illimitable, final, and unfettered judges.

enough for that purpose. A reasonable time is such time as a person of ordinary care and prudence should be allowed to take. It is the duty of the carrier, in determining what is a reasonable time, to take into consideration any special condition peculiar to any passenger and to the surroundings at the station, and to give a reasonable time under the existing circumstances, as they are known, or should be known by its servants, for a passenger to get on or off its trains." See, also, *Payne* v. *Thurston,* 148 Ark. 456.

The issues of negligence and contributory negligence were submitted under instructions free from prejudicial error. There was evidence to sustain the verdict. The judgment is therefore affirmed.