BUTLER COUNTY RAILROAD COMPANY v. LAWRENCE.

## Opinion delivered April 16, 1923.

1.  CARRIERS—PRESUMPTION OF NEGLIGENCE.—Where a passenger on a motor car propelled by steam produced by the use of coal oil as fuel was injured by the explosion of a water pipe which caused the car to be filled with smoke and soot, the burden was on the carrier to overcome the presumption of negligence.

2.  CARRIERS—INJURY TO PASSENGER—QUESTION FOR JURY.—Where an explosion of a water pipe in a motor-propelled passenger car caused gas as well as smoke and soot to envelop the persons in the car, it was a question for the jury, under the evidence, whether a passenger was injured by inhaling the gas and smoke.

3   APPEAL AND ERROR—INSTRUCTION—GENERAL OBJECTION.—A general objection to an instruction authorizing recovery by the representative of a married woman "for her loss of time" was insufficient to point out that there was no proof of pecuniary injury on account of loss of earnings, where the jury might properly have allowed pecuniary compensation for the personal discomfort and inconvenience of lying in her sick-bed, and for being incapacitated from going about the usual household duties.

4.  CARRIERS—INJURY TO PASSENGER—INSTRUCTION AS TO DAMAGES.—In an action by the representative of a married woman for personal injuries caused by an explosion of a water pipe in a motor-propelled passenger car, an instruction which authorized plaintiff to recover "any expenditures or expenses occasioned to her by reason of the injury" was open to a general objection where there was no proof that she incurred any expense on that account, and where the evidence showed that certain expenses were incurred by her husband, who was not a party, except in representative capacity as administrator of her estate.

5.  APPEAL AND ERROR—ERRONEOUS INSTRUCTION—REMITTITUR.—Where the court, in a suit by the representative of a married woman, erroneously instructed the jury that plaintiff was entitled to recover any expense incurred by her, when the only expense shown to have been incurred was the payment of $200 by her husband, held that, since the jury may have allowed that sum as part of the award to her estate, a remittitur of that amount will be ordered.

Appeal from Clay Circuit Court, Eastern District; *W. W. Bandy,* Judge; reversed, unless remittitur is entered.

*W. E. Spence* and *Sheppard & Sheppard,* for appellant.

The evidence is not sufficient to sustain the verdict on the question of injury. 172 S. W. 258. The court erred in giving instruction numbered 4 on the question of damages. There was no testimony showing loss of time of the injured party nor any expense paid for nursing and medical attention by her husband. Administrator can't recover in this action for money expended by him for medical attention to the wife. 63 Ark. 563; 116 Ark. 334; 84 Ark. 617; 11 Ill. App. 154; 186 Ill. App. 360; 148 Wis. 541, 134 N. W. 157; 35 R. I. 406, 87 Atl. 174; 56 Conn. 478, 16 Atl. 237; 46 Kan. 109, 26 Pac. 453; 39 Atl. 1100; 63 N. E. 328; 107 Ind. 32, 7 N. E. 373; 88 N. W. 337; 172 Mo. App. 113. Distinction between loss of time and decreased earning capacity. 190 Ala. 229, 67 So. 513. Instruction did not limit amount of recovery to the damages shown by the evidence. 128 Ark. 479, 194 S. W. 873; 149 Ark. 433, 233 S. W. 683; 159 S. W. 33. Unless it affirmatively appears that error was not prejudicial, cause should be reversed. 16 Ark. 329; 67 Ark. 604, 50 S. W. 529; 69 Ark. 134; 62 S. W. 64; 71 Ark. 272, 74 S. W. 513; 104 U. S. 625, 26 L. Ed. 870; 17 Wall. 639, 21 L. Ed. 717; 119 U. S. 99, 7 Sup. Ct. Rep. 118, 30 L. Ed. 299; 110 U. S. 50, 3 Sup. Ct. Rep. 471, 28 L. Ed. 62; 5 Wall. 807, 18 L. Ed. 653. No negligence shown as alleged. 177 S. W. 923; 118 Ark. 206, holding that where specific acts of negligence pleaded recovery may be had on doctrine of *res ipsa loquitur* is contrary to the weight of authority and should not be adhered to. 269. No. 104; 88 Md. 55, 40 Atl. 1066; 64 So. (Ala.) 343; 126 Ill. App. 189; 213 Mass. 392; 72 Ill. 141; Tex. Civ. App. 141, 29 S. W. 948; 140 Cal. 563; 37 S. W. 423; 35 S. W. 208.

*Costen & Harrison,* for appellee.

The testimony shows that decedent was injured by the explosion while on board the motor-car. 118 Ark. 206. No error in giving instruction No. 4. Married woman's disabilities have been removed, act 66, Acts 1919,

p. 36; § 1070, Crawford & Moses' Digest; 17 C. J., 782, 801-2-3. No specific objection was made to said instruction. 56 Ark. 602, 123 S. W. 797; 125 S. W. 136; 133 S. W. 1134; 88 Ark. 184; 88 Ark. 204; 89 Ark. 522; 93 Ark. 589; 96 Ark. 184; 118 Ark. 337; 119 Ark. 530. Even though some of the elements of damage which the court instructed could be recovered were not proper elements of damage, no prejudicial error in absence of specific objection. 92 Ark. 432; 108 Ark. 14.

*W. E. Spence* and *Sheppard & Sheppard,* in reply.

Act of 1919 does not permit a recovery by appellee for loss of services and medical expense. 166 Ark. 334; 112 Mo. 225, 91 A. 980; 181 Mich. 101, 147 W. W. 614; 132 Tenn. 609, 179 S. W. 127; 206 S. W. (K). 880; 166 Pac. (Ore.) 57; 135 Ala. 417, 33 So. 335, 21 Col. 340, 40 Pac. 891; 130 Ill. App. 400; 103 Minn. 290; 115 N. W. 651; 51 Ind. App. 533, 100 N. E. 101; 41 Neb. 578, 59 N. W. 921; 73 N. H. 529, 63 Atl. 578; 66 Ohio St. 395; 64 N. E. 438; 179 Mo. App. 61, 162 S. W. 280; 141 Ala. 420, 38 So. 363; 14 Col. App. 132, 59 Pac. 476; 124 Ga. 549, 52 S. E. 916. Appellee's authorities reviewed as to specific objections and insisted not applicable to case. The substance of the instruction being complained of 58 Ark. 205; 130 Col. 521, 62 Pac. 932, is in point. 63 Ark. 563; 96 Ark. 243, 131 S. W. 686; 138 Ark. 10, 210 S. W. 350; 136 Ark. 433, 206 S. W. 571.

MCCULLOCH, C. J. Appellant owns and operates a line of railroad running from Poplar Bluff, Missouri, through McDougal, Arkansas, to Piggott, Arkansas, and on October 6, 1920, appellee's intestate, Mrs. T. J. Lawrence, was a passenger from McDougal to Piggott on a motor-car propelled by steam produced by the use of coal oil as fuel. An explosion of the pipes in the boiler occurred as the car pulled out from McDougal, and the car was filled with smoke and soot, or carbon, and Mrs. Lawrence claimed that she received injuries on account of the inhalation of the smoke and gas. She instituted this action against appellant, alleging that the

explosion was caused by the negligence of appellant, and that as a result of the explosion the car was filled with smoke and gas, which caused injuries to her lungs and stomach and made her sick for a considerable length of time. Damages were laid in the sum of $2,000.

Appellant answered, denying that Mrs. Lawrence sustained any injuries or that appellant's servants were guilty of any negligence which caused the explosion.

Mrs. Lawrence died about a year after the occurrence of the explosion, and the cause was revived in the name of the administrator of her estate. On the trial of the cause a verdict was returned in favor of appellee, assessing damages in the sum of $1,000.

It is undisputed that Mrs. Lawrence was a passenger on the train, and that a violent explosion occurred, which filled the car with smoke and soot, or carbon, which blackened the faces of the passengers to the extent that they looked like negroes. That is the way in which one of the witnesses related the facts, and there is no dispute on that subject. The car was moving out of McDougal at the time, and as soon as the explosion occurred the conductor stopped the train and nearly all the passengers got out for fresh air—all, perhaps, except Mrs. Lawrence, who remained in the car—and the smoke rapidly disappeared, as the windows were open at the time. Another engine was procured, and the train proceeded on its journey, and on arrival at Piggott Mrs. Lawrence went to her home in that town.

The testimony tends to show that when Mrs. Lawrence arrived at her home her face was still black from the soot, and she was sick and distressed. A physician was called, either that day or the next, and he treated her for some time, and testified as to her suffering, and gave his opinion that the condition of her lungs and stomach resulted from the explosion, which, he said, produced gas that was injurious when inhaled. Mrs. Lawrence was 73 years of age at the time, and there was

also testimony tending to show that her health was good up to the time this explosion occurred.

The contention of appellant is that Mrs. Lawrence suffered no injury except the inconvenience of having the soot settle on her face. It is urged that it is scientifically impossible for a deadly or injurious gas to escape on account of an imperfect combustion or explosion of coal oil.

There was no attempt on the part of appellant to clear itself of the charge of negligence in permitting the explosion to occur; therefore, if injury be shown to have resulted to Mrs. Lawrence from the explosion, the verdict fixing liability is justified, the burden being upon appellant to overcome the presumption of negligence.

Appellant introduced as a witness its master mechanic, who explained the cause of the explosion as follows: "Q. Will you explain to the jury the construction of that engine? A. Well, it is a water-tube boiler, and the steam is generated by a low grade coal oil fire, and the oil is put in through the burner into the fire-box, and that heats the water in the tubes, and this tube burst, and that is what caused the trouble. Q. Now, what would naturally take place on account of the construction of that engine at that time now? A. Well, it introduced steam into the fire-box, and, mixed with the coal oil, it caused an incomplete combustion and created smoke, just like a lamp not properly trimmed or turned up does; they will smoke. Q. Would there be any gas in that? A. Well, it is partly burned coal oil is all it is; it forms carbon instead of burning it up completely. Q. You weren't present when that took place? A. No sir. Q. Did you examine that engine and fix it afterwards? A. I saw it done; yes sir. Q. Now, explain what took place; what happened to the engine? A. Well, one of the tubes burst. Q. How long a place burst? A. Four or five inches up and down the tube. Q. And the steam then would go down into the fire-box and blow the coal oil out, or ignite it? A. Well, it was already

ignited, but the steam interfered with the mixture and made it into smoke.''

We are not willing to say, in the face of positive testimony, that the explosion which caused the gas as well as smoke and soot to envelop the persons in the car was insufficient to produce an injury to Mrs. Lawrence, and that it was impossible that such an injury could have so resulted. According to the testimony of the physician, Mrs. Lawrence inhaled a sufficient quantity of injurious gas to seriously affect her lungs and stomach and to make her sick, and, even if it be conceded that the gas which came off from the explosion was not deadly in its effects, we cannot say, as a matter of law, that the evidence was insufficient to show that it was of an injurious nature and did produce injury. The fuel used was low-grade coal oil, which is a petroleum product, and an imperfect combustion necessarily gives off fume and gas. The extent of injury resulting from inhalation might, and perhaps does, depend upon the physical condition of one who is exposed to it. It is a question of fact and not one of law as to whether or not injury could have resulted, and we think that the verdict of the jury on this issue should not be disturbed.

The only instruction to which appellant makes objection is No. 4, on the subject of the measure of damages; it reads as follows:

''Now, if you find for the plaintiff, the measure of her damages will be such an amount as you may find would be a fair and just compensation to her for her loss of time, and any expenditures or expenses occasioned to her by reason of the injury, and also what would be a just and fair compensation to her for any physical pain she suffered because of the injury, if you find she suffered any, or any injury she suffered by reason of any mental pain or suffering, if you find she has suffered any, not to exceed the amount of two thousand dollars, the amount sued for in the complaint.''

Appellant's criticism of this instruction is that

there was no evidence to justify the submission of loss of time or of expenses incurred. The objection was a general one and not specific, and it is contended by counsel for appellee that a general objection is not sufficient to raise the question of the correctness of the instruction in the particular mentioned. We think that a general objection is sufficient, because, if the instruction was erroneous at all, it was inherently so. So far as the question of loss of time is concerned, we are of the opinion that there was no prejudice in that regard, for there was no attempt to prove any pecuniary injury on account of loss of earnings, if any. The verdict of the jury was very moderate, and was for one-half of the amount sued for. It is therefore not at all probable that the jury made an allowance for loss of earnings, or, in other words, for loss of time. But, if any allowance on this account was made at all by the jury, it must have been by way of pecuniary compensation for the personal discomfort and inconvenience of lying in the sick-bed, and for being incapacitated from going about the usual household duties. It was not improper for the jury to consider loss of time in that light.

There was, however, proof introduced to the effect that Mrs. Lawrence's husband, who is the administrator of the estate, paid out about $200 for the services of a physician and a nurse, but there was no proof at all that Mrs. Lawrence incurred any expense on that account, and, if the jury allowed anything at all for such expenses, it was necessarily for the amount paid by Mr. Lawence. We have no means of determining whether the jury included this in the verdict, and the instruction submitting this issue is necessarily erroneous and may have been prejudicial. Mr. Lawrence was not a party to the action, except in his representative capacity as administrator of his wife's estate, and no recovery could be had in this action for sums paid out by him.

Counsel on both sides argue with much zeal the effect of modern statutes in regard to the rights of

married women, but we deem it unnecessary to enter into a discussion as to the effect of those statutes, for in no event could any of them be interpreted to give the wife the right to sue for expenses incurred by the husband.

We are of the opinion therefore that there was error in giving the instruction copied above in that it submitted the issue as to expenses incurred, and that the only way to eliminate the error is to require a *remittitur* of the sum of $200, the amount which the jury might have included in their estimate of the damages.

The judgment will be reversed and the cause remanded, unless appellee, within fifteen days, enter a *remittitur* of the sum mentioned above. It is so ordered.