460 S.W.2d 61 (1970)
Abraham LOPEZ et al., Appellants,
v.
James B. WALDRUM ESTATE, Appellees.
No. 5-5373.
Supreme Court of Arkansas.
November 30, 1970.
*62 James C. Cole, Malvern, and G. W. Lookadoo, Arkadelphia, for appellants.
Tackett, Young, Patton & Harrelson, Texarkana, for appellees.
FOGLEMAN, Justice.
This appeal comes from an order granting appellee's motion to dismiss the complaint of appellant Abraham Lopez, individually, on his own behalf, as husband of Wilma Lopez on her behalf, and on behalf of Carmen Lopez, as her father and next friend. By the same order a complaint filed by Darlene Satterfield was dismissed upon the same motion. The two cases against appellee had been consolidated for trial. The motion to dismiss was based upon the statute of nonclaim. [Ark.Stat. Ann. § 62-2601 (Supp.1969)]. The circuit court did not dismiss that portion of the Lopez complaint by which he sought *63 recovery for damages to his own personal property.
On August 12, 1967, there was a collision between an automobile owned by Abraham Lopez and one driven by James B. Waldrum. The Lopez automobile was being driven by Wilma Lopez, and Carmen Lopez and Darlene Satterfield were passengers therein. Waldrum died as a result of injuries received in the collision. His widow was appointed administratrix of his estate. Her first notice to creditors was published on September 14, 1967.
At the time of the collision, appellant Abraham Lopez was in Vietnam in the military service of the United States. Although he returned and resumed his relationship with his family on April 4, 1968, it is alleged that he is still in the armed services. His complaint was filed on April 21, 1969. The separate complaint of appellant Satterfield was filed on May 6, 1969. A copy of the Lopez complaint was filed with the clerk of the probate court on April 21, 1969.
Appellants first contend that our statute of nonclaim only bars the right to subject the assets of an estate to the payment of a judgment, but not the right to prosecute an action against the estate to judgment. As a corollary, they argue that a statute of limitations, being procedural only, may bar a remedy, but not the right upon which it is based. They contend that insofar as the right of action is concerned, Ark.Stat.Ann. § 27-901 (Repl. 1962) provides the only statutory bar. We have held that the language of Ark.Stat. Ann. §§ 62-2601 and 2602 (Supp.1969) requires that all claims, including those sounding in tort, must be asserted within six months after the first publication of notice to creditors. Wolfe v. Herndon, 234 Ark. 543, 353 S.W.2d 540; Turner v. Meek, 225 Ark. 744, 284 S.W.2d 848.
We are asked to overrule or disregard our previous holdings in this respect upon the basis of the concurring opinion of a single judge in Swan v. Estate of Monette, 400 F.2d 274 (8th Cir. 1968). We do not find appellants' argument in this regard sufficiently persuasive to change our evaluation of the legislative intent expressed in Wolfe. This concurrence actually verified the correctness of the very thorough opinion of Senior District Judge John E. Miller (D.C., 265 F.Supp. 362). The concurring judge only observed a basic appeal to equitable justice in appellants' arguments. It is clearly pointed out in that opinion that our approach in Wolfe and Turner, applying the statute of nonclaim as a statute of limitations superseding any other applicable statute, was not novel, since this rule had been Arkansas common law for more than a century. See Walker v. Byers, 14 Ark. 246.
Any appeal to natural equities here asserted by appellants or noted in the concurring opinion referred to addresses itself to the lawmaking body, not to the courts. The General Assembly has met in regular session 4 times since our decision in Wolfe, and 7 times since Turner. Even though several amendments to the Probate Code have been enacted during those intervening sessions, our judgment of the legislative intent with respect to these sections of the code has not been corrected. We must adhere to our previous holdings.
While the Satterfield appeal is thus disposed of, Lopez contends that he is entitled to maintain his action because of the Soldiers' and Sailors' Civil Relief Act. See § 525, Title 50, App. USCA. The pertinent language provides that the period of military service shall not be included in computing any period limited by law for the bringing of any action in any court by one in military service. There is no doubt that the circuit court was correct in its application of this statute to that part of the complaint relating to damage to personal property belonging to Lopez. We also agree that the claims asserted on behalf of his wife and minor child are not actions to which the federal act applies.
*64 The wife's right of action was personal. See Texarkana & Ft. Smith Ry. Co. v. Adcock, 149 Ark. 110, 231 S.W. 866. No logical reason appears why she could not or did not bring timely suit in her own name. Whatever may have been her disability under Texas law, she was not barred as a married woman from bringing her action in Arkansas. Little Rock Gas & Fuel Co. v. Coppedge, 116 Ark. 334, 172 S.W. 885; Texarkana & Ft. Smith Ry. Co. v. Adcock, supra; Texas & Pacific Railway Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 45 L.Ed. 747 (1901), aff'g 97 F. 837, 38 C.C.A. 502; (8 Cir.); Libaire v. Minneapolis & St. L. R. Co., 113 Minn. 517, 130 N.W. 8 (1911).
Even if we should entertain the suggestion that the common law rule permitting a husband to sue upon his wife's right of action was not abrogated by the Married Women's Act [Ark.Stat.Ann. § 55-401, et seq. (1947)],[1] we cannot conceive of such an action as one in which the statute of limitations is to be tolled under § 525, however liberally that act is construed. Where there were competent persons by whom an action was or could have been brought as easily as it could have been by the person in military service, it has been held that the section does not apply, particularly when the suit is brought in a representative capacity. McCoy v. Atlantic Coast Line R. Co., 229 N.C. 57, 47 S.E.2d 532 (1948); Stutz v. Guardian Cab Corporation, 273 App.Div. 4, 74 N.Y.S.2d 818 (1947); Smith v. Fitch, 25 Wash.2d 619, 171 P.2d 682 (1946). See also Thompson v. Anderson, 208 S.C. 208, 37 S.E.2d 581 (1946); Irving Trust Co. v. Fifteen Park Row Corp., 182 Misc. 1044, 51 N.Y.S. 2d 724 (1944). It cannot be doubted that the wife is the real party in interest in an action on her behalf for damages for her personal injuries, as the recovery is her separate property and not that of her husband, at least after the passage of the Married Women's Acts. Texas & Pacific Railway Co. v. Humble, supra; Libaire v. Minneapolis & St. L. R. Co., supra; Laskowski v. People's Ice Co., 203 Mich. 186, 168 N.W. 940, 2 A.L.R. 586 (1918); Berger v. Jacobs, 21 Mich. 215 (1870); Burrell Tp. v. Uncapher, 117 Pa. 353, 11 A. 619 (1887); Normile v. Wheeling Traction Co., 57 W.Va. 132, 49 S.E. 1030 (1905); Messervy v. Messervy, 82 S.C. 559, 64 S.E. 753 (1909); Coulter v. Hermitage Cotton Mills, 112 S.C. 93, 98 S.E. 846 (1919); Hamm v. Romine, 98 Ind. 77 (1884).
Even though a father may bring an action on behalf of his unemancipated minor child, the right of action is that of the child, not that of the father, at least for recovery of damages for pain and suffering, personal disfigurement, inability to attend school, future medical expenses reasonably certain to be required after his majority, and probable loss of earnings and earning capacity after majority. St. Louis, I. M. & S. R. Co. v. Waren, 65 Ark. 619, 48 S.W. 222; Wood & Henderson v. Claiborne, 82 Ark. 514, 102 S.W. 219, 11 L.R.A.,N.S., 913, 118 Am.St.Rep. 89; Dieter v. Byrd, 235 Ark. 435, 360 S.W.2d 495; Irby v. Dowdy, 139 Ark. 299, 213 S.W. 739; Buckley v. Collins, 119 Ark. 231, 177 S.W. 920. There is no reason why the present action for these elements of damage could not have been brought by the minor's mother, by any person as next friend or by a duly appointed guardian. See Ark.Stat.Ann. § 27-823 (Repl. 1962); Kibler v. Kibler, 180 Ark. 1152, 24 S.W.2d 867. On the other hand, an unemancipated minor child's earnings during minority are the property of the parents. St. Louis, I. M. & S. R. Co. v. Waren, supra; Jolly v. Smith, 188 Ark. 446, 65 S.W.2d 908. A parent is also entitled to recover for the value of the minor's services and loss of such a minor's earning capacity during minority and for expenses incurred and to be incurred by the parent on account of an injury to the *65 child. Arkansas Power & Light Co. v. Connelly, 185 Ark. 693, 49 S.W.2d 387; Western Coal & Mining Co. v. Burns, 84 Ark. 74, 104 S.W. 535; Byrd v. Galbraith, 172 Ark. 219, 288 S.W. 717.
We have no hesitancy in holding that the statute of limitations was not tolled as to recovery of damages to which the wife and child were entitled, each in her own right. On the other hand, we are just as certain that it was the intention of the Soldiers' and Sailors' Civil Relief Act that the statute be tolled during the period of military service as to those elements of damage for which appellant Lopez, as husband and father, was entitled to recover in his own right.
His recovery on account of his wife's injuries is limited, of course, to loss of services, society, companionship and marriage relationship, and medical expenses incurred and for which he is, or may become, liable, attributable to negligence on the part of James B. Waldrum. Little Rock Gas & Fuel Co. v. Coppedge, 116 Ark. 334, 172 S.W. 885; Shipley v. Northwestern Mutual Ins. Co., 244 Ark. 1159, 428 S.W.2d 268. Neither the wife nor any person other than Abraham Lopez could have sued for these elements of damage which are personal to him. Butler County Rd. Co. v. Lawrence, 158 Ark. 271, 250 S.W. 340; Little Rock Gas & Fuel Co. v. Coppedge, supra.
We do not agree with appellee, or the trial court, that the bar of the wife's claim by the statute of nonclaim prevented the tolling of the statute as to her husband's damages. It is true that we have held that his cause of action is derivative and subject to the defense of comparative negligence. Nelson v. Busby (March 3, 1969), Ark., 437 S.W.2d 799. It is also true that we have held that a judgment adverse to the wife is a bar to the husband's action. Sisemore v. Neal, 236 Ark. 574, 367 S.W.2d 417.[2] Appellee relies upon Tollett v. Mashburn, 291 F.2d 89 (8 Cir.), D.C., 183 F.Supp. 120, and dictum in Sisemore quoting from the opinion in the district court, in asserting that Lopez's claim is barred. We agree with the result reached in Tollett, but the court was concerned there only with determining the statute of limitations applicable to the husband's cause of action. The husband and wife in that case were joined as plaintiffs, and no question was presented as to the tolling of the statute of limitations as to one but not the other. The mere fact that the husband's cause of action is derivative does not mean that the actions cannot be independently prosecuted.[3] Little Rock Gas & Fuel Co. v. Coppedge, supra; Texas & Pacific Ry. Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 45 L.Ed. 747 (1901), aff'g 97 F. 837, 38 C.C.A. 502 (8 Cir.).
The right of the parties to pursue separate actions was not in anywise affected by our decision in Sisemore. Had there not been separate actions there would never have been any occasion for the application of res judicata to the derivative liability to the husband.
The judgment is affirmed, except as to the right of Abraham Lopez to recover those damages which are personal to him. The cause is remanded for further proceedings consistent with this opinion.
NOTES
[1] This question was left unanswered in Mt. Nebo Anthracite Coal Co. v. Martin, 86 Ark. 608, 111 S.W. 1002, 112 S.W. 882.
[2] This decision seems to have overruled Arkansas Power & Light Co. v. Marsh, 195 Ark. 1135, 115 S.W.2d 825, without mentioning it.
[3] We are not unmindful of the decision in Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809 (1969). There the Court of Appeals for the 8th Circuit found the claims of the husband and wife were so interdependent and intertwined that federal jurisdiction of the primary claim of an injured spouse prevented separation of the other spouse's claim for consortium (which would ordinarily be tried together, as they were in the action out of which the case removed to the federal court arose) so that the wife's suit for consortium was not subject to remand, even though her claim was only for $9,999.99.