Luetta EARL and Charles EARL by Luetta EARL, his Mother and Next Friend *v.* MOSLER SAFE COMPANY, Paul ROWLAN and Wanda NAVEN

86-188                                                     724 S.W.2d 174

Supreme Court of Arkansas
Opinion delivered February 23, 1987

*Michael A. Skipper*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellee.

DAVID NEWBERN, Justice. The question we must answer in this case is whether a summary judgment was properly granted. We hold that, because there were remaining material issues of fact, it was error to grant the summary judgment motion.

On October 25, 1985, Luetta Earl, on behalf of herself and her son, Charles Earl, aged two, filed a complaint against Paul Rowlan, his employer Mosler Safe Company, and Wanda Naven, the appellees. The complaint alleged that Charles was injured while riding in Naven's car which was struck from the rear by Mosler's truck being driven by Rowlan. Damages were sought on behalf of Charles, who was severely injured, and on behalf of Luetta Earl for loss of Charles's "services, contributions, and mental anguish." The complaint was amended once on October 30, 1985, and the Mosler Safe Company and Paul Rowlan filed an answer on November 7, 1985.

The answer denied the allegations that Rowlan was negligent, challenged the complaint on the basis of all the defenses listed in Ark. R. Civ. P. 12, particularly 12(b)(6), and alleged Luetta Earl was not a proper party because at the time of the accident Charles was not in her custody but was in the custody of Garland County Social Services.

On December 20, 1985, the court dismissed those portions of the complaint seeking damages on behalf of Charles Earl finding, due to the appointment of a bank as guardian of Charles's estate, Luetta Earl was no longer a proper person to sue on his behalf.

On March 7, 1986, Mosler Safe Company and Paul Rowlan filed their motion for summary judgment. They contended that Charles's medical expenses had been paid by Medicaid and that at age two Charles had demonstrated no capacity or intention ever to render services of value to his mother who was not even his custodian. Appended to the motion was an exhibit consisting of a letter to counsel for the appellees from Arkansas Department of Human Services stating that to date (February 26, 1986), over $10,000 in Medicaid benefits had been provided to Charles Earl as a result of the accident.

The appellants filed a second amended complaint on March 17, 1986, and a response to the summary judgment motion on March 20, 1986. The response to the motion pointed out that the motion consisted only of conclusory statements that Charles Earl was a ward of the state at the time of the accident, that Luetta Earl had incurred no expense for his injuries, that mental anguish is not an allowable element of damages, and that Charles Earl had demonstrated neither capacity nor intent to render services valuable to his mother.

On April 3, 1986, summary judgment was granted to Mosler Safe Company and Paul Rowlan. The court recited that Luetta Earl had sustained no expenses and Charles Earl had demonstrated neither the capacity nor intent to render services of value to her. This summary judgment left extant the claim of Luetta Earl against Wanda Naven, as Naven was not a party to the motion. The final paragraph of the court's order granting summary judgment was:

It is adjudged that Plaintiff has suffered no damage

and the Complaint is dismissed without prejudice.

On April 14, 1986, the court ordered entry of a voluntary nonsuit on the part of Luetta Earl with respect to the second amended complaint. The appellees argue this nonsuit eliminates the issues on appeal. We disagree because we find it could only have related to Luetta Earl's claim against Wanda Naven, as the other two defendants, appellees Mosler Safe Company and Paul Rowlan, had already obtained summary judgment in their favor, thus the voluntary nonsuit was of no effect with respect to the claims against them.

Left standing is the court's adjudication that Luetta Earl "has suffered no damage." The dismissal of the complaint "without prejudice" in the summary judgment order in favor of Mosler Safe Company and Paul Rowlan suggests that if in the future Luetta Earl suffers "damage" she may renew her claim.

The motion for summary judgment was conclusory with respect to Luetta Earl's claim for loss of her child's services. No affidavits tending to support the conclusion that Charles would not have contributed his services to her are contained in the record before us.

In *Lopez* v. *Waldrum*, 249 Ark. 558, 460 S.W. 2d 61 (1970), we distinguished between the action a child has for his own injury and the action which may be brought by his parent. We said:

> On the other hand, an unemancipated minor child's earnings during minority are the property of the parents. *St. L.I.M. & S.R. Co.* v. *Waren*, [65 Ark. 619, 48 S.W. 222 (1898)]; *Jolly* v. *Smith*, 188 Ark. 446, 65 S.W.2d 908 [1933]. A parent is also entitled to recover for the value of the minor's services and loss of such a minor's earning capacity during minority and for expenses incurred and to be incurred by the parent on account of an injury to the child. *Arkansas Power & Light Co.* v. *Connelly*, 185 Ark. 693, 49 S.W.2d 387 [1932]; *Western Coal & Mining Co.* v. *Burns*, 84 Ark. 74, 104 S.W. 535 [1909]; *Byrd* v. *Galbraith*, 172 Ark. 219, 288 S.W. 717 [1926]. [249 Ark. at 563; 460 S.W.2d at 64-65]

While it is clear that summary judgment may be an

appropriate disposition of a defective complaint, *Joey Brown Interest, Inc.* v. *Merchants National Bank*, 284 Ark. 418, 683 S.W.2d 601 (1985), we find no defect in the complaint of this appellant. The fact that the child was only two years old and thus not sufficiently developed at the time of the accident to have demonstrated capacity and inclination to be of service to his mother during his minority is no bar to her claim. *See AP&L* v. *Connelly*, 185 Ark. 693, 49 S.W.2d 387 (1932).

■ To sustain a summary judgment based upon nothing other than a pleading and an exhibit which does not go to the issue at hand, we must find that the "pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ark. R. Civ. P. 56(c); *See Clemans* v. *First National Bank*, 286 Ark. 290, 692 S.W.2d 222 (1985). We can make no such findings here.

Reversed and remanded.