TRAVELERS' INDEMNITY COMPANY *v.* SMITH.

4-3747

Opinion delivered March 4, 1935.

*Armstrong, McCadden & Allen* and *Brewer & Cracraft,* for appellant.

*W. G. Dinning,* for appellee.

JOHNSON, C. J. This is a continuation of the litigation reported in *Jolly* v. *Smith,* 188 Ark. 446, 65 S. W. (2d) 908, and reference is made thereto for its primary history.

After affirmance in this court, appellee ascertained that appellant Jolly was insolvent, and thereupon instituted this proceeding against appellant, Travelers' Indemnity Company of Hartford, alleging that prior to and at the time of said accident and injury to young Smith the Travelers' Indemnity Company of Hartford had executed to Jolly a bond of indemnity by the terms of which said indemnitor had obligated itself to hold harmless said Jolly from the consequences of said judgment. Appellant answered the complaint thus filed by admitting the execution of the bond of indemnity in Jolly's behalf and admitted it was in full force and effect when young Smith was injured, but that under the following clause of said policy, namely: "This agreement shall exclude any obligation of the company: (b) Under coverage A for such bodily injuries to any employee of the assured while engaged in the business of the assured (other than domestic employment) or in the operation, maintenance or repair of the automobile, or to any person to whom the assured will be held liable under any workmen's compensation law," it was not and is not liable for said injury or the consequent damages because at the time of said injury young Smith was in the employ of the said S. E. Jolly and actually engaged in the business of the assured. Appellant further alleged by way of answer that appellee is estopped to allege or contend that young Smith was other than an employee of Jolly at the time of the receipt of said injury because of his assumed position in the trial of Jolly v. Smith, and for this an additional reason appellee should not be permitted to recover herein.

Upon trial to a jury the policy of insurance and the judgment of this court in Jolly v. Smith was introduced in evidence by appellee whereupon appellant objected to any additional evidence or testimony being introduced other than that introduced in Jolly v. Smith; this contention was overruled by the trial court, and the following testimony was adduced and admitted over appellant's objections and exceptions. Young Smith, the injured party, testified, in effect, as follows:

"I was employed in April, 1932, by Mr. Jolly who was engaged in the dairy business, operating as the Jolly

494

Dairy Company. I got up around two o'clock in the morning and would come down to the plant and go out and deliver to the residences in Helena. After delivery to the residences, we went to the plant and unloaded the empties that were picked up on the retail route. That was when my duties were supposed to finish. This would be some time between 5:30 and 6 o'clock in the morning. I was only employed to go to the plant, get the milk to be delivered to the residences and return to the plant and unload the empty bottles. I did not have anything to do after that. I was not told by Mr. Jolly or any one to help on the wholesale route. James Surman was the driver. He always had to make the wholesale route himself, but we helped so he could get off early. Before I went to school we helped him around the stores. About 7:30 he would take me home and we would then go to school. I did this work as a favor to him. I was not employed to do this. I did not get any pay for it."

S. E. Jolly, appellant in the case of Jolly v. Smith, was introduced as a witness by appellee and testified to the following effect: That at the time young Smith was injured he was not performing any duty for witness as employer, or performing any duty for him in the line of his employment. Appellee introduced testimony tending to show that young Smith was in the employ of Jolly at the time of his injury and was actually performing services in line of his duty.

The court at the request of appellee instructed the jury as follows: "You are instructed that if you find by a preponderance of the evidence that at the time of the injury Newton G. Smith was not engaged in the business of S. E. Jolly as an employee, you will find for the plaintiff," and upon his own motion gave the following instruction: "You are instructed under the terms of the policy sued on there was a clause which excluded bodily injuries to any employee of the assured while engaged in the business of the assured, and so if from the evidence you find that at the time of the injury of the plaintiff, Newton G. Smith, he was engaged in the business of delivering milk for the Jolly Dairy Company, as an employee, you will find for the defendant."

These facts will suffice to show the theory upon which the case was tried and finally submitted to the jury for their consideration and judgment.

The jury returned a verdict in favor of appellee and this appeal follows.

Appellant seriously contends that appellee is estopped in asserting that his position with Jolly was other than an employee engaged in the business of the assured at the time of the receipt of his injuries because of the prosecution of the suit of Jolly v. Smith and the position there assumed by him.

Conceding without deciding that young Smith has estopped himself in the previous trial of Jolly v. Smith from asserting in this case that he was an employee of Jolly at the time of his accident and injury, it does not follow as a matter of law that he was engaged in the business of the assured at the time of his injury. In *Benevolent Ass'n of Railroad Employees* v. *Hayden,* 175 Ark. 565, 299 S. W. 995, we construed a restrictive clause in a policy of indemnity insurance as follows:

"The word 'engaged' denotes action. It means to take part in. To illustrate, a servant injured while in the operation of a train, means that he must be injured while assisting or taking part in the operation of the train. An officer engaged in the discharge of the duties of his office is one performing the duties of his office. So here the words, 'death while engaged in military service in time of war,' means death while doing, performing, or taking part in some military service in time of war. In other words, it must be death caused by performing some duty in the military service. That is to say, in order to exempt the company from liability, the death must have been caused while the insured was doing something connected with the military service, in contradistinction to death while in the service due to causes entirely and wholly unconnected with such service. This construction, we think, would be according to the natural and ordinary meaning of the words. By the use of the word 'engaged' it must have been intended that some activity in the service should have caused the death, in contra-

distinction to merely a period of time while the insured was in the service.''

Moreover, in the recent case of *Commercial Casualty Insurance Company* v. *Cherry, ante* p. 422, we expressly held that a restrictive clause in a policy of indemnity insurance not dissimilar to the one here under consideration did not prohibit an injured party from recovering damages merely because such party was in the employ of the assured at the time of the injury, provided such injured party was not at the time actually engaged in the master's business.

It follows from what we have said that it was peculiarly a question for the jury to determine whether or not young Smith was an employee of Jolly and actually engaged in his master's business at the time of the receipt of his injuries, and, since the jury has determined this question adversely to appellant's contention, it should and does conclude the question.

No reversal error appearing, the judgment is affirmed.